Vernon D. ROBERTS, County Judge
et al *v.* Ordie A. WATTS, County Clerk

78-88                                    568 S.W. 2d 1

Opinion delivered July 3, 1978
(In Banc)

*James A. Ross, Jr.,* of *Ross & Ross,* for appellants.

*Clint Huey,* for appellee.

CARLETON HARRIS, Chief Justice. The Quorum Court of Drew County adopted a county ordinance on July 7, 1977, part of which altered the duties performed by the office held by appellee, Ordie A. Watts, county clerk. The ordinance was approved by the county judge. Thereafter, appellee asked for declaratory judgment finding the ordinance in question unconstitutional and following a hearing, on January 13, 1978, the chancellor found part of Ordinance 13 to be in violation of Amendment 55 to the Constitution of the State of Arkansas. This appeal followed.

With the goal of streamlining its county government, the Drew County Quorum Court passed emergency ordinance 13 (on July 7, 1977), Article 4 being the section at issue, providing:

> "All duties prescribed by law for the disbursement of appropriated county funds assigned to the county clerk shall hereinafter become the duties of the Department of Financial Management."

According to the county judge, appellant Vernon Roberts, the purpose "was to establish a financial management office which would go into operation when the supplies were printed and received" and implemented by a county court order authorized by the ordinance. The function of such a financial management office would be maintaining claims dockets and issuing warrants, and up to this time the county clerk of Drew County had always issued the county warrants.

The authority for the passage of the ordinance was § 100 of Act 742 of the General Assembly of 1977, Ark. Stat. Ann. §

17-4103, (2) and (3) (Supp. 1977), (also alleged to be unconstitutional), which provides:

"The Quorum Court of each of the several counties may prescribe by ordinance the department . . . and may prescribe the functions of all offices, departments, and boards; provided, however, that no ordinance shall be enacted by a Quorum Court which: . . .

(2) alters the organization of elected county officials established by the Constitution, except through the provisions of Section 2(b) of Amendment Number 55 to the Constitution; provided, however, that any function or duty assigned by statute may be reassigned by ordinance; or

(3) limits any provision of state law directing or requiring a county government or any officer or employee of a county government to carry out any function or provide any service; provided, however, that nothing in this section shall be construed to prevent the reassignment of functions or services assigned by statute where such reassignment does not alter the obligation of the county to continue providing such function or service."

Appellee contends that these provisions are in conflict with Amendment 55, § 2(b), which sets out:

"The quorum court may create, consolidate, separate, revise, or abandon any elective county office or offices except during the term thereof; provided, however, that a majority of those voting on the question at a general election have approved said action."

It apparently[1] is his contention that the revision of his duties requires the approval of a majority of persons voting on the question at a general election, before the ordinance can become effective. This has not been done.

[1]No brief has been filed by the appellee, and we have no idea as to his answers to the contentions of appellants, other than what is set out in his complaint and amended complaint, termed "Petition for Injunctive Relief" and "Amendment to Petition and Joinder of Additional Party Defendants."

We are unable to pass on the merits of this controversy for the reason hereafter set out, but preliminary matters should be disposed of.

It is argued by appellants that the county clerk is not a proper party and is not entitled to have the matter determined by declaratory judgment. It is stated that there are "public policy arguments against one official bringing suit against another," but there are no cases cited nor argument presented in support of this statement. Ark. Stat. Ann. § 34-2502 (Repl. 1962), relative to declaratory judgments, provides:

> "Any person interested under a deed, will, written contract or other writings constituting a contract, or whose rights, status or other legal relations are affected by a statute, municipal ordinance, contract or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status or other legal relations thereunder."

Ark. Stat. Ann. § 34-2512 (Repl. 1962) states that:

> "The word 'person' wherever used in this Act shall be construed to mean any person, partnership, joint stock company, unincorporated association, or society, or municipal or other corporation of any character whatsoever."

And Ark. Stat. Ann. § 34-2511 declares that the act is remedial:

> "Its purpose is to settle and to afford relief from uncertainty and insecurity with respect to rights, status and other legal relations; and is to be liberally construed and administered."

It is evident that Watts is qualified under the statute to bring this action. Certainly he is a "person," and his status, relationship with other offices, and duties are uncertain because of the ordinance in question.

However, it is necessary that the judgment be reversed because of the fact that the Attorney General of Arkansas was not served with a copy of the proceeding, and thus not given an opportunity to be heard. Ark. Stat. Ann. § 34-2510 (Repl. 1962), a part of Act 274 of 1953, provides that in any proceeding involving the validity of a municipal ordinance or franchise, the municipality shall be made a party, entitled to be heard, and if the statute, ordinance or franchise is alleged to be unconstitutional, the attorney general of the state shall also be served with a copy of the proceeding and be entitled to be heard. It is true that this statute only states that where a *municipal* ordinance is alleged to be unconstitutional, the attorney general shall be entitled to be heard, and here we have a *county* ordinance that is involved. However, as far back as 1878, we held that *counties*, cities, and towns, are municipal corporations. See *Eagle, et al* v. *Beard, et al,* 33 Ark. 497. This holding was reiterated in *City of Hot Springs* v. *Gray,* 215 Ark. 243, 219 S.W. 2d 930. Also, in the case of *Laman, Mayor* v. *Martin,* 235 Ark. 938, 362 S.W. 2d 711 (1962), an action for declaratory judgment was filed by employees of the North Little Rock Electric Department who had been dismissed from their jobs. These employees were seeking to establish the validity of a civil service ordinance which had been passed under the authority of Act 339 of 1939. Appellants urged the unconstitutionality of Act 339 as applied to North Little Rock, but a decree was entered in favor of appellees. This decree was reversed, the court finding that the City of North Little Rock, which had not been included as a party, was a necessary party, and we then also added that *"because Act 339 of 1939 was alleged to be unconstitutional by appellants,* [our emphasis], a copy of the proceeding was required to be served on the attorney general, who is entitled to be heard in such matters." In the instant case, the ordinance was passed under the authority of § 100 of Act 742 of 1977 (as alleged by appellee in his complaint), and if § 100 of Act 742 is valid, it would appear that the ordinance is valid; however, if § 100 of Act 742 is in conflict with Amendment 55 and thus invalid (as alleged by appellee), it follows that the ordinance would be unconstitutional.

It is certainly entirely proper that the attorney general be served with a copy of the proceeding and participate in the

case. After all, we have involved in this case an interpretation of Amendment 55, adopted by the people, and the question presented is one that could well affect any other county in the state since other counties may well desire to pass ordinances with some similarity under Act 742 of the 1977 General Assembly. In other words, Act 742 is state-wide in its application, and certainly the state's chief legal officer should have an opportunity to be heard on the question of its validity. Since the attorney general was not served with a copy of the proceeding in the instant litigation, it is necessary that the judgment be reversed and the cause remanded to the Drew County Chancery Court for further proceedings.

It is so ordered.