Dwight C. LAWSON *v.* The CITY OF MAMMOTH
SPRING, Arkansas, by and through its Duly Elected
Mayor, Honorable Jerry SMITH

CR 85-73                                      696 S.W.2d 712

Supreme Court of Arkansas
Opinion delivered September 23, 1985

*Larry Dean Kissee*, for appellant.

*David H. White* and *Winston Bryant*, for the Arkansas Municipal League.

*Steve Clark*, Att'y Gen., by: *Clint Miller*, Asst. Att'y Gen., for appellee.

DARRELL HICKMAN, Justice. The circuit court declared that the act creating the Mammoth Spring Municipal Court is not local legislation in violation of the Fourteenth Amendment to the Arkansas Constitution. We reverse, squarely basing our decision on *Littleton* v. *Blanton*, 281 Ark. 395, 665 S.W.2d 339 (1984).

Act 905 of 1975 was passed for the express purpose of creating a municipal court in Mammoth Spring, Arkansas, a town with a population of about 1,100 located on the Missouri/Arkansas border in Fulton County. Salem is the county seat.

The trial court found, as the city argues on appeal, that since the court is necessary for the administration of justice, Act 905 is not unconstitutional. Legislation creating municipal courts has proliferated in recent years. In *Littleton* v. *Blanton, supra,* we announced that no longer will such legislation be automatically justified as necessary for the administration of justice. We said:

> With respect to the so-called administration of justice exception, we announce that statutes relating to the administration of justice will no longer be held *per se* to be neither local or special within the meaning of Amendment 14. Of all areas of legislation, the administration of justice above all should be immune to the evils of discriminatory laws and pork-barreling which Amendment 14 was designed to end. While the Legislature has the authority to establish courts within the limits prescribed by the Constitution, it should strive to create a judicial system throughout the State which is as uniform as practical.

Further, we compared the differences between the legislation

which created the Marked Tree Municipal Court (one of five in Poinsett County) with the general statutes authorizing municipal courts in Arkansas. Ark. Stat. Ann. § 22-701 et seq. We found that since the legislation could only apply to Poinsett County and the court it created differed in several ways from municipal courts in every other county, the legislation was local in violation of the Fourteenth Amendment to our constitution. As in *Littleton*, the differences in Act 905 and the general statutes are several: (1) Act 905 provides that the municipal judge of Mammoth Spring be a licensed attorney, 25 years of age or over. When Act 905 was enacted, Ark. Stat. Ann. § 22-704.4 provided that the municipal judge must have practiced law in Arkansas for at least four years. (2) Act 905 provides that the governing body of Mammoth Spring is to hire the municipal judge; Ark. Stat. Ann. § 22-703 (Repl. 1962) provides that municipal judges be elected. (3) Act 905 provides that the salaries of the municipal judge are to be set by the governing body of Mammoth Spring; Ark. Stat. Ann. § 22-704 (Repl. 1962) provides that the salary of the judge is to be set by the legislature except in county seat towns with less than 2,400 population. Mammoth Spring is not a county seat. (4) Act 905 provides that the municipal judge may appoint a clerk with the consent of the governing body of Mammoth Spring; Ark. Stat. Ann. § 22-713 (Supp. 1983) provides simply that the municipal judge may appoint a clerk. (5) Act 905 has no provision for disposition of costs, fees and fines; Ark. Stat. Ann. § 22-719 (Repl. 1962) makes provisions for disposition of the court revenues. The differences between Act 905 and the general legislation which regulates the creation of municipal courts in Arkansas bear no reasonable relation to the need of Mammoth Spring for a municipal court.

■ Therefore, following *Littleton*, we find that this act is unconstitutional and reverse the judgment of the trial court. The city filed a cross-appeal questioning the appellant's standing and his failure to join necessary parties. The trial court readily rejected both arguments, as we do.

■■ Dwight Lawson was convicted of destruction of property and theft in the court. He was fined $500 plus costs, sentenced to 90 days in jail, and ordered to pay restitution. Seventy-five days were to be suspended if he made restitution and paid the fine and costs within five days of the judgment. Rather

than appeal his conviction, he filed suit for declaratory judgment that the legislation creating the court is unconstitutional and that his conviction is void. The city argues that Lawson would have had to appeal his conviction in order to challenge the constitutionality of the act; further, it is argued that Lawson is attempting to void his conviction through declaratory judgment. The trial court did not void the conviction and no argument is made on appeal that it should be voided. Just as the trial court did, we treat this as a declaratory judgment action pursuant to Ark. Stat. Ann. § 34-2501 (Repl. 1962). Lawson, being the recipient of a judgment by the court in question, is a person whose rights are affected by the legislation. Ark. Stat. Ann. § 34-2502 provides:

> Any person interested under a deed, will, written contract or other writings constituting a contract, or whose rights, status or other legal relations are affected by a statute, municipal ordinance, contract or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status or other legal relations thereunder.

The Declaratory Judgment Act is to be liberally construed. *Roberts* v. *Watts*, 263 Ark. 822, 568 S.W.2d 1 (1978). To attack a statute a person merely has to show that the statute resulted in a prejudicial impact on him. Undoubtedly, Lawson fits in this category.

The other argument is the city council and the attorney general were not joined as necessary parties. The suit was filed against the mayor and the City of Mammoth Spring.

When an action is brought against a city, it is ordinarily sufficient to only name the city as a party, particularly where no *ultra vires* acts are alleged against particular officers or employees. See McQuillin, *Municipal Corporation* § 49.22 (1982). Naming the city and the mayor would certainly protect the interests of the city council in this case.

Moreover, notice of the proceedings was served on the attorney general. That is all that Ark. Stat. Ann. § 34-2510 requires. *City of Little Rock* v. *Cash*, 277 Ark. 494, 644 S.W.2d 229 (1982).

Reversed.

PURTLE, J., not participating.