The Honorable Jerry D. King State Representative State Capitol Building Little Rock, AR 72201
HAND DELIVERED
Dear Representative King:
You have requested an Opinion whether Act 48 of 1977 is local legislation prohibited by Amendment Fourteen to the Arkansas Constitution, which states:
 The General Assembly shall not pass any local or special act.
In Laman v. Harrill, 233 Ark. 967, 970, 349 S.W.2d 814 (1961), the Arkansas Supreme Court outlined what it considered "local" as a law which "applies to any subdivision or division of the state less than the whole." However:
 (A)n act is not local . . . simply because it is limited to a class consisting of less than . . . all of its territory. However, generality ends and specialty begins where the class established by the act has no reasonable relation to the purpose or subject matter of the enactment or omits from its operation . . . areas which would fall naturally into the class to which the act is limited.
Littleton v. Blanton, 281 Ark. 395, 398, 665 S.W.2d 239 (1984).Accord, Thomas v. Foust, 245 Ark. 948, 435 S.W.2d 793 (1969).See, also, Venhaus v. Lofton, 285 Ark. 28, 30, 684 S.W.2d 252
(1985) (concurring opinion); Lawson v. City of Mammoth Springs,287 Ark. 12, 13, 696 S.W.2d 712 (1985).
The Court went further in Littleton, supra, at 404-405, by stating:
 While this Court has from time to time has attempted to define "local" . . . within the meaning of Amendment 14 [citations omitted] — it is very difficult to frame an all-inclusive definition and perhaps it is best that we not attempt to do so . . . (A) law is (not) invariably local if it applies only to a limited area. It depends in each case upon the subject matter of the legislation, the need to be met and the classification used or factors considered to ensure fairness and non-discrimination in the application of the statute.
Act 48 of 1977, Section 2, codified as Ark. Stat. Ann. § 84-1946 provides, in pertinent part:
 Whenever any city or town in this State is divided by a street state line from an incorporated city or town in an adjoining state in which the state does not levy a state income tax, the qualified electors of the Arkansas border city or town may vote to equalize the State taxes paid by citizens in the border city or town in this State with the tax advantages of the citizens of the adjoining city or town, in the manner provided in this Act.
The Act further provides a method for special elections in border cities to impose a one percent (1%) sales tax to be paid by the border city residents in lieu of payment of income taxes. For as long as said one percent (1%) continues to be paid, the individual taxpayers of that city shall not be subject to the income tax. Likewise, the exemption extends to taxpayers residing in a border city outside the State with respect to income derived by such taxpayer from improvement or business activity engaged in in the Arkansas border city.
Applying the standards promulgated by the Arkansas Supreme Court, we analyze whether this legislation not only separates a locale from the general operation of laws, which clearly Act 48 does, but whether it is impermissible local legislation within the meaning of Amendment Fourteen. The Supreme Court has stated that prohibited local legislation must arbitrarily separate one place from another. Board of Trustees, University of Arkansas v.Pulaski County, 229 Ark. 370, 375, 315 S.W.2d 879 (1958).
The test to be used in determining this arbitrariness is one akin to a rational basis test under the Fourteenth Amendment, Streightv. Ragland, 280 Ark. 206, 213, 655 S.W.2d 459 (1983) reh. den. September 19, 1983; that is, whether the classification in the Act has a rational relationship to a legitimate objective the General Assembly sought to accomplish by enactment of the law. (In theStreight case, the Court upheld the constitutionality of state income tax exemptions in the retirement income of certain government employees).
As stated, obviously Act 48 separates certain subdivisions of the state from others. Although there have been sharply differing opinions on the Supreme Court itself recently concerning Amendment Fourteen and its application, the majority holding of recent cases, i.e., Streight, supra, and Littleton, supra, indicate the Court will apply the tests outlined as in a Fourteenth Amendment challenge.
Act 48 is entitled:
 AN ACT to Promote the Competitive Position of Arkansas Cities and Incorporated Towns which are Divided by State Lines From an Incorporated City or Town in Another State by Authorizing the Qualified Electors in the Arkansas City or Town to Provide for the Levy of an Additional One Percent Gross Receipts Tax in Said Arkansas Border City, in Lieu of the Citizens Thereof Being Subject to the Arkansas Income Tax Law; and For Other Purposes. (Emphasis added).
Correspondingly, the legislative intent sections states that the Legislature is:
 (C)ognizant of the inequities faced by cities and towns in this State, and inhabitants thereof, which are divided by a state line from an incorporated city or town in another state in which the tax burden of the citizens of the city or town in the adjoining state is substantially less than the tax burden imposed by the laws of this State upon the citizens of a border city or town in this State; . . . and that the passage of the Act is designated to establish a method of equalizing the inequities imposed under the tax laws of this State, thereby offering inducements to persons to establish their homes and businesses in the Arkansas border city or town.
The Legislature could rationally have concluded an additional one percent (1%) sales tax imposed in a border city would raise sufficient revenues from Arkansas residents as well as purchasers from the adjoining state's city to offset loss of revenues from the border city's income tax payments and that this income tax exemption would induce people and businesses to become established in the Arkansas border city as is the Legislature's stated objective.
Given the presumed constitutionality of every legislative act, the current status of the Arkansas Supreme Court majority decisions, and the above-cited apparent rational basis for the Act, it is my opinion that Act 48 of 1977 is not prohibited local legislation under Amendment Fourteen.
The foregoing opinion, which I hereby approve, was prepared by Special Counsel to the Attorney General R. B. Friedlander.
Sincerely,
STEVE CLARK Attorney General
SC:RBF:ljm