The Honorable Nick Wilson Senator, District 4 P. O. Box 525 Pocahontas, AR 72455
Dear Senator Wilson:
This is in response to your letter wherein you requested an opinion concerning the following question:
 Is the following portion of 6.(A) of Senate Bill 474 of 1987 as engrossed 2-27-87 in violation of Amendment 14 to the Constitution of the State of Arkansas:
 ". . . No permit shall be required, however, to construct a hospital in any municipality which has no hospital and where the municipality is located in a county with a population of 200,000 or more people. . . ."
Amendment 14 to the Arkansas Constitution states, "The General Assembly shall not pass any local or special act."
In Laman v. Harrill, 233 Ark. 967, 970, 349 S.W.2d 814 (1961), the Arkansas Supreme Court discussed what is considered "local" and stated that a law was local which "applies to any subdivision or division of the State less than the whole." However:
 An Act is not local . . . simply because it is limited to a class consisting of less than . . . all of its territory. However, generality ends and specialty begins where the class established by the act has no reasonable relation to the purpose or subject matter of the enactment or omits from its operation . . . areas which would fall naturally into the class to which the act is limited. See, Littleton v. Blanton, 281 Ark. 395, 398, 665 S.W.2d 239
(1984). Accord, Thomas v. Foust, 245 Ark. 948, 435 S.W.2d 793
(1969). See, also, Venhaus v. Lofton, 285 Ark. 23, 30, 684 S.W.2d 252
(1985) (Concurring opinion); Lawson v. City of Mammoth Springs, 287 Ark. 12, 13, 696 S.W.2d 712 (1985).
The Court went on in Littleton, supra, at 404-405 to state:
 While this Court has from time to time attempted to define "local" . . . within the meaning of Amendment 14 (Citations omitted) — it is very difficult to frame an all-inclusive definition and perhaps it is best that we not attempt to do so . . . [A] law is [not] invariably local if it applies only to a limited area. It depends in each case upon the subject matter of the legislation, the need to be met and the classification used or factors considered to insure fairness and non-discrimination in the application of the statute.
According to the 1980 Federal Census, Pulaski County is the only county in this State which has a population of 200,000 or more. Therefore, the application of this provision would be limited to one county.
Senate Bill 474 of 1987 provides for the establishment of a Health Services Committee [Commission] and a Health Services Agency to serve the Commission in the development and administration of a program . . . to determine the conditions required for the construction, expansion or alteration of any health facility, except nursing homes, having an associated capital expenditure in excess of two million dollars ($2,000,000), and any nursing home having an associated capital expenditure in excess of five hundred thousand dollars ($500,000) or such greater amount as the Commission may establish through rules and regulations, and prior to the said construction, expansion or alteration, a permit of approval shall be obtained from the Health Services Agency. . . .
Section 6.(B) of Senate Bill 474 provides that:
 The Agency, after the endorsement of the commission, shall issue a permit of approval if it finds that the proposed project meets the criteria for approval as set by the Commission. . . . (Emphasis added.)
The criteria referred to in 6.(B) have not yet been established. Senate Bill 474 abolishes the current State Health Planning and Development Program which operates a Certificate of Need Program in Arkansas. The statute which is being abolished contains specific criteria that relate to the need for additional Health Care Facilities. See Ark. Stat. Ann. 82-2311 (Cum. Supp. 986 [1986]). These are primarily based upon the National Health Planning and Resource Development Act of 1974, as amended.
Presuming that the same or similar criteria are adopted by the new commission it would not appear that the exemption from need for a permit based upon the sole factor of being a municipality without a hospital in a single county in Arkansas would be so related to the purpose of the legislation as to avoid the restrictions of Amendment 14. Of course, there is more than one city or municipality within Pulaski County; however, based upon the reasoning and Laymon and Littleton, it would appear that the Supreme Court of this State would find that section of Senate Bill 474 which is the subject of this opinion to be in violation of the Constitution.
The foregoing opinion, which I hereby approved, was prepared by Chief Deputy Attorney General Dan Kennett.