Sandra Real OLMSTEAD *v.* Arvin H. LOGAN

89-17                                          768 S.W.2d 26

Supreme Court of Arkansas
Opinion delivered April 17, 1989

*Ozark Legal Services*, by: *Margaret E. Reger* and *Marcia McIvor*, for appellant.

*Stripling & Morgan*, by: *M. Edward Morgan*, for appellee.

*Steve Clark*, Att'y Gen., by: *Olan W. Reeves*, Asst. Att'y Gen., for intervenor.

STEELE HAYS, Justice. This litigation puts at issue the

constitutionality of replevin procedures under Ark. Code Ann. §§ 18-60-810 and 811 (1987). The trial court upheld the constitutionality of the statutes. However, we find it necessary to remand because the attorney-general was not notified of the constitutional challenge pursuant to the requirements of Ark. Code Ann. § 16-111-106(b) (1987).

Appellant Sandra Olmstead purchased a 1977 Pontiac automobile from appellee Arvin Logan, agreeing to pay $300 down and $100 per month for six months. When a dispute arose over the cost of repairs, Ms. Olmstead refused to make the monthly payments. Mr. Logan filed a complaint and affidavit for replevin under § 18-60-810. The circuit clerk issued a summons and an order directing the sheriff to deliver the automobile to Logan, which was done.

Ms. Olmstead filed an answer and counter-claim alleging false representations and challenging the constitutionality of the order of replevin issued pursuant to § 18-60-810. At a trial before the court the constitutional issue was taken under advisement. The trial judge subsequently denied the counter-claim and ruled that Mr. Logan was entitled to possession of the vehicle. On appeal Ms. Olmstead contends that she was deprived of property without due process of law under the Fourteenth Amendment, and deprived of the right to testify in her own behalf.

Appellant points out that in *Fuentes* v. *Shevin*, 407 U.S. 67 (1972), the Supreme Court invalidated a Florida replevin statute which was not materially different from the Arkansas statute, holding that it was a violation of procedural due process for a state to summarily deprive a person of property without prior notice and an opportunity to be heard. Later cases dealing with similar issues are *Mitchell* v. *W.T. Grant Co.*, 416 U.S. 600 (1974); *North Georgia Finishing* v. *Di-Chem*, 419 U.S. 601 (1975); and *Matthews* v. *Eldridge*, 424 U.S. 319 (1976). It is conceded that following the *Fuentes* decision, the Arkansas General Assembly revised the replevin procedures in light of *Fuentes* (Ark. Code Ann. § 18-60-801, et seq.), however, the new enactment contains this anomalous provision: "[this act] shall not repeal any existing law pertaining to the recovery of personal property by parties claiming an interest therein." § 18-60-802. For reasons that are not stated, appellee elected to follow the pre-existing route,

eschewing the more recent replevin procedures.

We do not address the merits of appellant's arguments, because the Attorney General was not notified in accordance with § 16-111-106(b), providing that "in any proceeding" if a statute is alleged to be unconstitutional the Attorney General of the state shall also be served with a copy of the proceeding and be entitled to be heard. While this appeal was pending the Attorney General moved to intervene, which we granted, and now argues that the case must be reversed for failure to give the required notice and to afford him the right to be heard. *Roberts* v. *Watts*, 263 Ark. 822, 568 S.W.2d 1 (1978).

While we have said that notice to the Attorney General is not a jurisdictional requirement, nevertheless it is generally reversible error not to give the notice. *City of Little Rock* v. *Cash*, 277 Ark. 494, 644 S.W.2d 229 (1982). Exceptional circumstances may render the omission harmless, as where the record discloses that all points pro and con have been argued and fully developed by litigants who are clearly adversarial. Here, we find no indication that the arguments were fully developed before the trial court. Moreover, it is evident that appellant is prepared to seriously challenge the constitutionality of the earlier replevin statutory scheme and that is a sufficient basis for reversal. *Estate of Epperson*, 284 Ark. 35, 679 S.W.2d 792 (1984).

Appellant's second point, i.e., that the trial court erred in denying her the right to testify because she was not listed as a witness in her response to interrogatories, is rendered moot by reversal of the case on the previous point. Presumably the issue will not arise on remand.

REMANDED.