IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs September 17, 2008

## STATE OF TENNESSEE v. DEANTHONY M. DAVIS

**Direct Appeal from the Criminal Court for Davidson County**
**No. 2005-B-1274    Cheryl A. Blackburn, Judge**

---

**No. M2007-02238-CCA-R3-CD - Filed October 20, 2008**

---

The Defendant pled guilty in September 2005 to possession of .5 grams or more of a Schedule II drug with the intent to sell, which is a Class B felony. The trial court sentenced the Defendant to twelve years, and he was released to a community corrections program after serving one year of incarceration. Following a hearing, the trial court found the Defendant had violated his community corrections sentence, and it revoked the Defendant's community corrections sentence and re-sentenced the Defendant to sixteen years of incarceration. On appeal, the Defendant claims the trial court erred when it revoked his community corrections sentence and re-sentenced him. After a thorough review of the record and the applicable law, we affirm the trial court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and J.C. MCLIN, JJ., joined.

Nathan Moore, Nashville, Tennessee, for the Appellant, Deanthony M. Davis.

Robert E. Cooper, Jr., Attorney General and Reporter; Michael E. Moore, Solicitor General; Benjamin A Ball, Assistant Attorney General; Victor S. Johnson, III, District Attorney General; Robert E. McGuire, Assistant District Attorney General, for the Appellee, State of Tennessee.

### OPINION

### I. Facts

In January 2007, the trial court issued a warrant alleging that the Defendant had violated the

terms and conditions of his community corrections sentence. At the community corrections revocation hearing the following evidence was presented: the Defendant admitted that he violated his community corrections program by failing to report to his probation officer. He explained that he had problems getting to his probation officer but said he had since obtained transportation, so reporting would no longer be an issue. The Defendant also testified that his probation officer held a grudge against him and stated that they "always argu[ed]." The Defendant believed this was because one of his relatives shot one of the probation officer's relatives. Addressing his failure to report to his probation officer for over a year, the Defendant testified that he "already kn[e]w [the probation officer] was going to try to lock [him] up. So [he] just . . . ran until [he] got caught. [He] stayed out for a year and didn't get in no [sic] trouble." The Defendant also said he no longer uses cocaine.

On cross-examination, the Defendant acknowledged that he pled guilty in September 2005 to possession of a Schedule II drug with the intent to sell and that the trial court increased his sentence in August 2006. The Defendant said he used drugs of his own accord. The Defendant admitted he knew he was violating his community correction sentence, and he said, "As soon as I got myself together and had me [sic] a plan and g[o]t my [probation officer] changed, then I was going to [turn myself in]." The Defendant never surrendered himself to authorities; instead, the police arrested him at his house.

The trial court found the Defendant had violated his community corrections sentence, and it re-sentenced him to sixteen years of incarceration. The trial court noted that the Defendant had waived his right to a jury finding applicable enhancement factors. It is from this judgment that the Defendant now appeals.

## II. Analysis

On appeal, the Defendant argues that the trial court erroneously revoked his community corrections sentence and erroneously resentenced the Defendant when it ordered him to serve a lengthier sentence.

### A. Revocation of Community Corrections Sentence

The Defendant argues that the trial court erred when it revoked his community corrections sentence. We disagree.

A trial court may revoke a defendant's community corrections sentence based on the defendant's conduct and the defendant's compliance with the conditions of the community-based programs. T.C.A. § 40-36-106(e)(3)-(4) (2006). Such a decision is within the trial court's discretion, and this court will not disturb a trial court's revocation judgment unless there is "no substantial evidence" that a "violation of the conditions of [the community corrections program] has occurred. *State v. Harkins*, 811 S.W.2d 79, 82-83 (Tenn. 1991) (citing *State v. Grear*, 568 S.W.2d

2

285, 286 (Tenn. 1978) and *State v. Delp*, 614, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980)) (adopting the probation violations standard for a community corrections program violation due to the sentences' similar nature). In other words, the trial court must find proof of a community corrections violation by a preponderance of the evidence. T.C.A. § 40-35-311(e) (2006); *State v. Joe Allen Brown*, No. W2007-00693-CCA-R3-CD, 2007 WL 4462990, at *4 (Tenn. Crim. App., at Jackson, Dec. 20, 2007), *no Tenn. R. App. P. 11 application filed*. We note that "only one basis for revocation is necessary," and a defendant's admission that he violated the conditions of his release to the community corrections programs is sufficient evidence for such a revocation. *Brown*, 2007 WL 4462990, at *4 (quoting *State v. Alonzo Chatman*, No. E2000-03123-CCA-R3-CD, 2001 WL 1173895, at *2 (Tenn. Crim. App., at Knoxville, Oct. 5, 2001), *no Tenn. R. App. P. 11 application filed*) (citing *State v. Johnson*, 15 S.W.3d 515, 518 (Tenn. Crim. App. 1999)).

If the trial court revokes the defendant's community corrections sentence, then it may "resentence the defendant to any appropriate sentencing alternative, including incarceration, for any period of time up to the maximum sentence provided for the offense committed, less any time actually served in the community-based alternative to incarceration." T.C.A. § 40-36-106(e)(4). The Supreme Court has said that "the sentencing of a defendant to a community based alternative to incarceration is not final, but is designed to provide a flexible alternative that can be of benefit both to the defendant and to society." *State v. Griffith*, 787 S.W.2d 340, 342 (Tenn. 1990). Moreover, a "defendant sentenced under the [Community Corrections Act] has no legitimate expectation of finality in the severity of the sentence, but is placed on notice by the Act itself that upon revocation of the sentence due to the conduct of the defendant, a greater sentence may be imposed." *Id.*

If a trial court revokes a defendant's release into the community corrections program, it must then decide whether to re-sentence the defendant. When deciding whether to sentence a defendant to confinement, a trial court should consider whether:

(A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;
(B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or
(C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant.

T.C.A. § 40-35-103 (2006).

In this case, the trial court denied the Defendant alternative sentencing because he repeatedly violated the terms of his release into the community corrections program. The court said, "Now, with regard to any alternative sentence, one, we've sort of already tried that several times with him such that we have – less restrictive means other than incarceration have frequently and recently been applied unsuccessfully to the defendant. So I'm going to sentence him to a sentence to serve."

3

After a review of the record, we conclude the trial court properly revoked the Defendant's release on community corrections and ordered him to be incarcerated. The Defendant pled guilty to possession of .5 grams or more of a Schedule II drug for resale and was sentenced to serve twelve years. The trial court ordered him to serve one year of confinement followed by eleven years in community corrections program. While released on community corrections, the Defendant violated the terms of his release by testing positive for drugs, and the trial court increased his sentence to fourteen years. The Defendant, admittedly, then failed to report to his probation officer for over a year and drove a vehicle on a suspended license, both of which he admitted to the trial court. We conclude the State has shown that "[m]easures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant." T.C.A. § 40-35-103. We conclude that the trial court did not abuse its discretion when it revoked the Defendant's community corrections sentence and ordered him to serve a period of incarceration. The Defendant is not entitled to relief on this issue.

## B. Trial Court's Resentencing of the Defendant

The Defendant argues that the trial court erroneously weighed the enhancement and mitigating factors that it found, resulting in an erroneous sentence. The Defendant specifically challenges the trial court's weighing of the mitigating factor that the Defendant had not caused bodily harm to anyone. In this case, the Defendant committed his offense prior to the 2005 Sentencing Act. *See* 2005 Tenn. Pub. Acts ch. 353 § 22. However, the record shows that he waived his right to a jury finding his enhancement factors, and, thus, we review his case in accordance with the 2005 Sentencing Act and subsequent law.

When a defendant challenges the length, range or manner of service of a sentence, this Court must conduct a de novo review on the record with a presumption that "the determinations made by the court from which the appeal is taken are correct." T.C.A. § 40-35-401(d) (2006). As the Sentencing Commission Comments to this section note, the burden is now on the appealing party to show that the sentencing is improper. T.C.A. § 40-35-401, Sentencing Comm'n Cmts. This means that if the trial court followed the statutory sentencing procedure, made findings of facts which are adequately supported in the record, and gave due consideration and proper weight to the factors and principles relevant to sentencing under the 1989 Sentencing Act, T.C.A. § 40-35-103 (2006), we may not disturb the sentence even if a different result was preferred. *State v. Ross*, 49 S.W.3d 833, 847 (Tenn. 2001). The presumption does not apply to the legal conclusions reached by the trial court in sentencing a defendant or to the determinations made by the trial court which are predicated upon uncontroverted facts. *State v. Dean*, 76 S.W.3d 352, 377 (Tenn. Crim. App. 2001); *State v. Butler*, 900 S.W.2d 305, 311 (Tenn. Crim. App. 1994); *State v. Smith*, 891 S.W.2d 922, 929 (Tenn. Crim. App. 1994). Specific to the review of the trial court's finding enhancement and mitigating factors, "the 2005 amendments deleted as grounds for appeal a claim that the trial court did not weigh properly the enhancement and mitigating factors." *State v. Carter*, 254 S.W.3d 335, 344 (Tenn. 2008). The Tennessee Supreme Court continued, "An appellate court is therefore bound by a trial court's decision as to the length of the sentence imposed so long as it is imposed in a manner consistent with the purposes and principles set out in sections -102 and -103 of the

4

Sentencing Act." *Id.* at 346.

In conducting a de novo review of a sentence, we must consider: (1) any evidence received at the trial and sentencing hearing, (2) the presentence report, (3) the principles of sentencing, (4) the arguments of counsel relative to sentencing alternatives, (5) the nature and characteristics of the offense, (6) any mitigating or enhancement factors, (7) any statements made by the defendant on his or her own behalf and (8) the defendant's potential or lack of potential for rehabilitation or treatment. *See* T.C.A. § 40-35-210 (2006); *State v. Taylor*, 63 S.W.3d 400, 411 (Tenn. Crim. App. 2001).

Specific to a trial court's resentencing a defendant after revoking the defendant's release on community corrections, the  trial court may "resentence the defendant to any appropriate sentencing alternative, including incarceration, for any period of time up to the maximum sentence provided for the offense committed, less any time actually served in the community-based alternative to incarceration." T.C.A. § 40-36-106(e)(4).  Further, a "defendant sentenced under the [Community Corrections Act] has no legitimate expectation of finality in the severity of the sentence, but is placed on notice by the Act itself that upon revocation of the sentence due to the conduct of the defendant, a greater sentence may be imposed." *State v. Griffith*, 787 S.W.2d 340, 342 (Tenn. 1990). Moreover, a trial court's ordering the defendant to serve a longer sentence than the one originally imposed does not violate any double jeopardy protections afforded by the United State Constitution or the Tennessee Constitution. *Id.*  However, to be clear, in order to resentence the defendant, a trial court must hold a sentence hearing and state on the record its factual findings and reasons for imposing the new sentence.  T.C.A. § 40-35-209(c) (2006); *State v. Cooper*, 977 S.W.2d 130, 132 (Tenn. Crim. App. 1998); *Ervin*, 939 S.W.2d at 584.

In this case, the trial court held a re-sentencing hearing, during which it found three enhancement factors and one mitigating factor applicable to the Defendant's case:

> He has a previous history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate range.  I think that was number two under the old law.  He did, however, waive the enhanc[ement] factors being set by the jury.  He also has a previous history of failing to comply with conditions involving a sentence of release into the community.  Clearly when he was on Division II probation, he picks up a Division V sentence even though he says he walked the paper down.  Whether or not he was violated – clearly from the time frame of the report he was on probation.  And at the time of this offense he was also on probation for [a] Division V sentence.  So those are three enhanc[ment] factors that I'm going to consider.

> Mitigating factors, the only one available would be that there was no – it neither caused nor threatened serious bodily injury.

The court then revoked the Defendant's community corrections sentence and re-sentenced him to serve sixteen years of incarceration.

5

We conclude the trial court properly sentenced the Defendant. Because the Defendant was sentenced under the 2005 Sentencing Act amendments, the trial court's consideration of enhancement and mitigating factors is merely advisory. T.C.A. §§ 40-35-113, -114 (2006); 2005 Tenn. Pub. Acts Ch. 353 § 22. Pursuant to *State v. Carter*, this Court may not re-weigh the enhancement and mitigating factors. 254 S.W.3d at 344.

We also conclude that the trial court's total sentence of sixteen years was correct. The Defendant pled guilty to a Class B felony and was found to be a Range II multiple offender. The trial court may sentence a Range II multiple offender to twelve to twenty years for a Class B felony. T.C.A. § 40-35-112 (b)(2) (2006). The sixteen year sentence of incarceration the trial court ordered is within this statutory range. The Defendant is not entitled to relief on this issue.

### III. Conclusion

After a thorough review of the record and the applicable law, we conclude the trial court properly revoked the Defendant's community correction sentence and properly re-sentenced him to serve sixteen years in the Tennessee Department of Correction. As such, we affirm the trial court's judgment.

_____
ROBERT W. WEDEMEYER, JUDGE