

# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CR–15–774

|  |  |
|---|---|
|  | **Opinion Delivered** September 14, 2016 |
| FRANK SCHERMERHORN<br>APPELLANT | APPEAL FROM THE VAN BUREN COUNTY CIRCUIT COURT<br>[NO. CR-2012-33] |
| V. |  |
| STATE OF ARKANSAS | HONORABLE H.G. FOSTER, JUDGE |
| APPELLEE | AFFIRMED |

## BRANDON J. HARRISON, Judge

Frank Schermerhorn appeals two convictions for possessing or viewing matter depicting sexually explicit conduct involving a child. A Van Buren County jury convicted him of two counts and acquitted him of thirteen counts. He was sentenced to six concurrent terms of imprisonment. Here, Schermerhorn argues that the statute under which he was convicted, Arkansas Code Annotated section 5-27-602, is unconstitutionally overbroad and "void for vagueness" because the law criminalizes inadvertent and innocent viewing of illegal explicit material. Because Schermerhorn's constitutional challenge was not properly preserved, we affirm the jury's decision without addressing the merit of his argument.

I.

Schermerhorn has not challenged the sufficiency of the State's evidence, so a description of the underlying facts of this case is unnecessary. The statute at issue, Ark. Code Ann. § 5-27-602, states in part,

(a) A person commits distributing, possessing, or viewing of matter depicting sexually explicit conduct involving a child if the person knowingly:

> (1) Receives for the purpose of selling or knowingly sells, procures, manufactures, gives, provides, lends, trades, mails, delivers, transfers, publishes, distributes, circulates, disseminates, presents, exhibits, advertises, offers, or agrees to offer through any means, including the Internet, any photograph, film, videotape, computer program or file, video game, or any other reproduction or reconstruction that depicts a child or incorporates the image of a child engaging in sexually explicit conduct; or

> (2) Possesses or views through any means, including on the Internet, any photograph, film, videotape, computer program or file, computer-generated image, video game, or any other reproduction that depicts a child or incorporates the image of a child engaging in sexually explicit conduct.

Schermerhorn's constitutional challenge arose during an in camera hearing on the second day of the jury trial. No written motion or brief was ever submitted on the issue. All that is in the record is the following bench conference.

| | |
|---|---|
| DEFENSE COUNSEL: | This was something else too I did want to bring up and I'm not sure when the appropriate time is but I think those statutes are unconstitutional because it says possess or view and I think you might can raise that at any time whether it is unconstitutional or not. |
| COURT: | Well, don't we have to recess until the AG's office has a chance to respond? |
| DEFENSE COUNSEL: | It is at that point, I guess. |
| COURT: | . . . I really think if someone is going to challenge the constitutionality of the statute, I think the AG's office has to be noticed and have an opportunity to respond . . . [T]he Attorney General is supposed to defend the statute. |
| DEFENSE COUNSEL: | I just can't do that at the appeal level? |

COURT:        Well, I don't think they can do it now is the thing, but I mean clearly you are claiming that you consider it unconstitutional . . . and I'm guessing the State says it is constitutional . . . I see nothing to suggest that it is unconstitutional and I think there is a procedure that needs to be followed and I'm afraid it has not[.] [S]o for both procedural and substantive reasons I'm going to deny the motion[.]

As the discussion continued, the prosecuting attorney asked defense counsel to clarify the basis for the constitutional challenge—whether it was for possession or viewing.

DEFENSE COUNSEL:        Yes, the view part, I mean, there are times that you can't help but view it and then in the Federal code if you delete it, delete it immediately that's a defense but here it is if you have seen it, you are guilty so I think that is over broad.

. . . .

STATE:        His argument is that the Statute is unconstitutional is not the same because how can he because of this possession on viewing and problem with this case is that there is evidence that the jury can look that he intentionally viewed, intentionally possessed all fifteen images. As applied to this case it is not reasonable. The issue of intent is, I think, where you are going here and if a person immediately believes it that he somehow brought himself outside the criminal prosecution and saying the statute is unconstitutional and the problem with this case is we have evidence to show he held on to these for four or five months.

COURT:        Well, in general I would say that I think that given the context of the statute, that the word "view," I think the meaning of how the word view is interpreted and I think that it would mean something more than an involuntary viewing of something, something flashing up. I think that the term view would require a certain amount of I mean, looking at it and I think that—the decision on that would have to be made from the facts so that is in general, in particular, I agree with [the prosecuting

attorney's] regard to the statute as applied to this particular case[.]

II.

We first consider whether the constitutional issue Schermerhorn has raised on appeal was preserved for our review; the State has specifically raised the issue. An ironclad rule of law is that an appellant must raise an issue in the circuit court and support it with a sufficient argument and legal authority, if there is any, to preserve it for an appeal. *Raymond v. State*, 354 Ark. 157, 162, 118 S.W.3d 567, 571 (2003). This is true even when the issue concerns the constitutionality of a statute. *Id.* If a particular theory was not presented to and ruled upon by the circuit court, then the theory will not be reviewed on appeal. *Id.* In other words, an appellant has the burden of providing a record sufficient to demonstrate reversible error. *Id.*

The State contends that Schermerhorn has "waived his constitutional challenge because he did not file a motion in the circuit court challenging the statute's constitutionality, he did not notify the Attorney General of his constitutional challenge, nor did he present to the circuit court any legal authority in support of his constitutional challenge." Whether the Attorney General's office received sufficient notice that Schermerhorn was challenging the constitutionality of Ark. Code Ann. § 5-27-602 is not a question we must answer in this case because, even if notice was required and Schermerhorn met the requirement, he still failed to adequately develop and support his constitutional challenge.

We cannot judge Schermerhorn's constitutional argument because he did not adequately develop it in the circuit court. He never specifically identified what protected

constitutional right was allegedly violated; nor did he name the United States or the Arkansas constitution, or both. Because no constitution (state or federal) was named in the arguments, we have no reference to any particular constitution, much less any developed argument from a particular provision of either the state or federal constitutions. Schermerhorn did not even cite a case or some secondary legal authority to the circuit court to support his general objection to the statute—not during any court colloquy or in any motion or brief filed with the court. No standard of constitutional review was mentioned to the circuit court. All this means the circuit court did not have a particular constitutional provision before it, much less did it receive "the benefit of development of the law" on the "pivotal" point of whether Ark. Code Ann. § 5-27-602 is unconstitutional based on federal or state constitutional law. *See Raymond*, 354 Ark. at 162, 118 S.W.3d at 571. On appeal, we have a little more than what he provided to the circuit court; but even now Schermerhorn has yet to identify a constitution that was violated. Challenging the constitutionality of a statute, regardless of the challenge's merit, requires more than what has been put forward before this court will address it.

Because we do not reach the merit of the purported constitutional challenge, the convictions are affirmed.

Affirmed.

GLOVER, J., agrees.

VAUGHT, J., concurs.

**LARRY D. VAUGHT, Judge, concurring.** I concur with the result reached by the majority because Schermerhorn's constitutional argument is meritless. I write separately

because I disagree with the majority's holding that Schermerhorn failed to preserve his constitutional argument for appeal by failing to adequately cite to a specific state or federal constitutional provision. I would hold that the constitutional argument was preserved but ultimately provides no basis for reversal.

During the in camera hearing on the second day of trial, Shermerhorn's attorney specifically argued that the statute was unconstitutionally "over broad" because it would punish unintentional viewing of the prohibited material. The majority holds that Schermerhorn failed to adequately raise his constitutional challenge to the trial court because

> [h]e never specifically identified what protected constitutional right was allegedly violated; nor did he name the United States or the Arkansas constitution, or both. Because no constitution (state or federal) was named in the arguments, we have no reference to any particular constitution, much less any developed argument from a particular provision of either the state or federal constitutions.

I disagree. Arguing that a statute is "constitutionally over broad" is sufficient to preserve the issue. The overbreadth doctrine was developed in the context of the First Amendment to the Constitution of the United States and is often applied in conjunction with the void-for-vagueness doctrine, which is rooted in the Due Process Clauses of the Fifth and Fourteenth Amendments.[1] *Black's Law Dictionary* defines the *Overbreadth Doctrine* as "the doctrine holding that if a statute is so broadly written that it deters free expression, then it can be struck down

---

[1] While previous cases have held that the overbreadth doctrine is inapplicable outside the context of the First Amendment, *Jegley v. Picado*, 349 Ark. 600, 623, 80 S.W.3d 332, 344 (2002) (citing *United States v. Salerno*, 481 U.S. 739 (1987)), I note that the scope and substance of criminal statutes related to child pornography have long been the subject of First Amendment overbreadth analysis. *See, e.g., Reno v. Am. Civil Liberties Union*, 521 U.S.844 (1997); *United States v. Williams*, 553 U.S. 285 (2008).

on its face because of its chilling effect—even if it also prohibits acts that may legitimately be forbidden." *Black's Law Dictionary* (10th ed. 2014). Similarly, *American Jurisprudence* explains:

> Imprecise laws can be attacked on their face under two different doctrines: first, the overbreadth doctrine permits the facial invalidation of laws that inhibit the exercise of First Amendment rights if the impermissible applications of the law are substantial when judged in relation to the statute's plainly legitimate sweep; second, even if an enactment does not reach a substantial amount of constitutionally protected conduct, it may be impermissibly vague because it fails to establish standards for the police and public that are sufficient to guard against the arbitrary deprivation of liberty interests.

16A Am. Jur. 2d *Constitutional Law* § 428.

Arkansas courts have long recognized the overbreadth doctrine. *See Shoemaker v. State*, 343 Ark. 727, 736, 38 S.W.3d 350, 355 (2001); *Bailey v. State*, 334 Ark. 43, 52, 972 S.W.2d 239, 244 (1998). In both cases, the term "overbroad" was used as a term of art with a clearly understood meaning in the realm of constitutional law. For example, in *Shoemaker*, the Arkansas Supreme Court's holding read simply, "Thus, § 6-17-106(a) is overbroad." *Shoemaker*, 343 Ark. 727, 736, 38 S.W.3d 350, 355 (2001). In contrast to the case at bar, in *Raymond v. State*, 354 Ark. 157, 167, 118 S.W.3d 567, 574 (2003), the Arkansas Supreme Court held that Raymond "failed to mention the terms 'overbroad' or 'void for vagueness.' Hence, there was no development of his claims relating to vagueness and overbreadth before the circuit court."

I disagree with the majority's holding that Schermerhorn's argument that the statute under which he was charged is "unconstitutional" because it was "over broad" in that it allowed the State to penalize inadvertent viewing of the prohibited images was insufficient to invoke the well-established overbreadth doctrine. Requiring that a litigant also cite to a specific provision of an identified state or federal constitution in order to preserve a constitutional challenge has far-reaching implications. Under this theory, we would not be able to reach the

merits of an appeal in which the litigants argued to the trial court that their "free speech rights" or "due process rights" had been violated, unless they also specifically cited the First, Fifth, and/or Fourteenth Amendments to the Constitution of the United States. A litigant who argued that officers unconstitutionally searched him without a warrant or probable cause would have failed to preserve his argument unless he also specifically mentioned "the Fourth Amendment to the Constitution of the United States." When invoking the right to privacy, is a litigant now required to also cite to the numerous constitutional provisions from which it was derived?

The majority is correct that this court will not address issues raised for the first time on appeal and that we have rejected "general constitutional challenges." However, it is important to remember the underlying rationale for that rule: "Issues raised for the first time on appeal will not be considered *because the circuit court never had an opportunity to make a ruling.*" *Johnson v. State*, 2009 Ark. 460 (per curiam) (emphasis added) (citing *Green v. State*, 362 Ark. 459, 209 S.W.3d 339 (2005)). Therefore, the test for preservation cannot hinge solely on whether the litigant used the correct "magic words" in citing to a specific constitutional provision.

I also note that, to the extent that Schermerhorn may have failed to fully articulate his overbreadth argument, the record reveals that the trial court erroneously ruled that he could not challenge the constitutionality of the statute because he had not first provided notice to the attorney general's office pursuant to Arkansas Code Annotated section 16-111-106, which states in full:

> (a) When the declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding.

SLIP OPINION

(b) In any proceeding which involves the validity of a municipal ordinance or franchise, the municipality shall be made a party and shall be entitled to be heard, and if the statute, ordinance, or franchise is alleged to be unconstitutional, the Attorney General of the state shall also be served with a copy of the proceeding and be entitled to be heard.

Ark. Code Ann. § 16-111-106 (Repl. 2006). This statute has repeatedly been interpreted to mean that "when the constitutionality of a statute is challenged, the attorney general of this state must be notified and is entitled to be heard." *Mason v. State*, 2014 Ark. App. 285, at 5–6, 435 S.W.3d 510, 514 (citing *Landers v. Jameson*, 355 Ark. 163, 174, 132 S.W.3d 741, 748 (2003)).

However, in *Carney v. State*, 305 Ark. 431, 434–35, 808 S.W.2d 755, 756–57 (1991), the Arkansas Supreme Court addressed a constitutional issue that had been raised below but for which the attorney general's office had not been provided notice:

> We have interpreted this statute many times. We have reversed and remanded a finding by the trial court that part of a statute was unconstitutional where the Attorney General was not notified. *See Roberts v. Watts*, 263 Ark. 822, 568 S.W.2d 1 (1978). We have also refused to address the merits of an appellant's arguments on the constitutionality of the Arkansas replevin statutes, absent notice to the Attorney General. *See Olmstead v. Logan*, 298 Ark. 421, 768 S.W.2d 26 (1989). However, we have further said that "even though noncompliance with the notice requirement [of § 16-111-106(b)] is generally reversible error, reversal is not mandated by the statute." *City of Little Rock v. Cash*, 277 Ark. 494, 512, 644 S.W.2d 229, 237 (1982). We added in *Cash* that the purpose of § 16-111-106(b) is to prevent a statute or ordinance from being declared unconstitutional without a full adjudication with adversary parties.

> Initially, we note that there has been a full adjudication of the equal protection issue before this court, including a brief by the Attorney General as counsel for the appellee. It is further clear from the record that the appellant was not formally advised that he would have his license suspended under Act 93 until the sentencing hearing. Under these facts it would be impractical in the extreme to expect the appellant to notify the Attorney General in the middle of a hearing. Lastly, § 16-111-106(b) relates to civil actions—and by the chapter heading it specifically relates to Declaratory Judgments—where the state is not automatically a party. Here, that is not the case. The state was a party at the sentencing hearing and was represented by the prosecuting attorney. We find no merit in the appellee's argument.

As *Carney* mentions above, our precedents on this issue are somewhat inconsistent. However, in light of *Carney*'s pronouncement that the statute specifically applies to civil cases (where the State is not a party), and because the supreme court in *Carney* allowed the appellee's brief filed by the attorney general's office to satisfy the requirement that there be a full development of the issue in an adversarial proceeding, the trial court erred in denying Schermerhorn the opportunity to present his constitutional challenge at trial.

Therefore, I would reach the merits of Schermerhorn's appeal. Schermerhorn argues that the child-pornography statute under which he was convicted, section 5-27-602, is unconstitutionally vague and overbroad because it criminalizes "mere viewing" of illegal images as well as possession, and would therefore criminalize even inadvertent or unintentional viewing. His argument has no merit. Section 5-27-602 reads in full:

> (a) A person commits distributing, possessing, or viewing of matter depicting sexually explicit conduct involving a child if the person knowingly:
> (1) Receives for the purpose of selling or knowingly sells, procures, manufactures, gives, provides, lends, trades, mails, delivers, transfers, publishes, distributes, circulates, disseminates, presents, exhibits, advertises, offers, or agrees to offer through any means, including the Internet, any photograph, film, videotape, computer program or file, video game, or any other reproduction or reconstruction that depicts a child or incorporates the image of a child engaging in sexually explicit conduct; or
> (2) Possesses or views through any means, including on the Internet, any photograph, film, videotape, computer program or file, computer-generated image, video game, or any other reproduction that depicts a child or incorporates the image of a child engaging in sexually explicit conduct.
> (b) Distributing, possessing, or viewing of matter depicting sexually explicit conduct involving a child is a:
> (1) Class C felony for the first offense; and
> (2) Class B felony for any subsequent offense.
> (c) It is an affirmative defense to a prosecution under this section that the defendant in good faith reasonably believed that the person depicted in the matter was seventeen (17) years of age or older.

Ark. Code Ann. § 5-27-602 (Repl. 2013). Statutes are presumed constitutional, and the burden of proving otherwise is on the challenger of the statute. *E.g.*, *Jefferson v. State*, 372 Ark. 307, 317, 276 S.W.3d 214, 222 (2008). If it is possible to construe a statute as constitutional, we must do so. *Id.*, 276 S.W.3d at 223. Because statutes are presumed to be framed in accordance with the Constitution, they should not be held invalid for repugnance thereto unless such conflict is clear and unmistakable. *Id.*, 276 S.W.3d at 223.

Here, it is clear that the statute only prohibits "knowingly" "possessing or viewing" sexually explicit images of children. The criminal code contains specific definitions of the term "knowingly." A person acts knowingly with respect to the person's conduct or the attendant circumstances when he or she is aware that his or her conduct is of that nature or that the attendant circumstances exist. Ark. Code Ann. § 5-2-202(2)(A). A person acts knowingly with respect to a result of the person's conduct when he or she is aware that it is practically certain that his or her conduct will cause the result. Ark. Code Ann. § 5-2-202(2)(B). Under the plain language of the statute and the definitions contained in the criminal code, the statute does not criminalize inadvertent viewing.

Moreover, there was significant evidence that Schermerhorn intentionally viewed and possessed the images. The evidence revealed that he downloaded the images to the computer's hard drive, which could not have been done inadvertently. Schermerhorn then showed these images to his niece by purposefully accessing them on his computer, demonstrating that he knew they were there and was intentionally viewing them.

I therefore agree that Schermerhorn's conviction should be affirmed.

*Omar F. Greene*, for appellant.
*Leslie Rutledge*, Att'y Gen., by: *Kristen C. Green*, Ass't Att'y Gen., for appellee.