

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CV-16-698

|  |  |
|---|---|
| TREVOR MCCLURKIN<br>APPELLANT | **Opinion Delivered:** April 26, 2017 |
| V. | APPEAL FROM THE SEBASTIAN COUNTY CIRCUIT COURT, FORT SMITH DISTRICT<br>[NO. 66FCV-16-51] |
| LAUREN JENAE WILLIS AND MARK WILLIS<br>APPELLEES | HONORABLE J. MICHAEL FITZHUGH, JUDGE |
|  | AFFIRMED AS MODIFIED IN PART; REVERSED AND REMANDED IN PART |

## RITA W. GRUBER, Chief Judge

This case arose out of a motor-vehicle accident, but the issues before us on appeal are entirely procedural. Appellant Trevor McClurkin appeals from the circuit court's (1) denial of his motion for extension of time to serve appellees, Lauren Jenae Willis and Mark Willis; (2) dismissal of Lauren based on the court's conclusion that appellant's second amended complaint did not relate back to the original complaint; and (3) denial of appellant's motion to vacate the prior dismissal of Mark with prejudice. With regard to the first two points, we reverse and remand for proceedings consistent with this opinion; we affirm the third point as modified.

The history of this case is convoluted and difficult to decipher. On February 11, 2013, appellant was allegedly injured in a motor-vehicle accident. Lauren, who was a minor at the time, was driving the other vehicle involved in the accident. On January 19, 2016, appellant

filed a complaint against Mark, the father of Lauren, alleging that Mark caused the accident by negligently failing to pay attention to traffic conditions and colliding with appellant's vehicle. Although he had not been served, Mark filed a motion to dismiss on April 18, 2016, contending that he was not involved in the motor-vehicle accident, was therefore an "improper party" to the lawsuit, and should be dismissed as a matter of law. He asked the court to dismiss the complaint against him "with prejudice." Appellant filed a response on April 21, 2016, acknowledging that Mark was not the driver of the vehicle; requesting the court to allow him to amend the complaint to list the "correct named party," Debra Kay, Mark's wife, as the defendant; and asking the court to deny Mark's motion to dismiss. Appellant attached a first amended complaint naming Debra Kay Willis as the defendant to his response. The court entered an order on April 21, 2016, granting Mark's motion to dismiss and indicating that a party may amend his or her pleadings at any time without leave of court, noting that appellant "has done so in naming Debra Kay Willis as Defendant."[1] Finally, on May 2, 2016, the court entered a second order finding that Mark was not a proper party to the lawsuit and dismissing the complaint against him "with prejudice."

On May 16, 2016, after discovering that Debra Kay was not the driver of the vehicle, appellant filed a second amended complaint, this time against Lauren and Mark, alleging that Lauren's negligence proximately caused the accident and that Mark was liable for negligent entrustment. Because the original complaint was filed on January 19, 2016, service was required to have been made by May 18, 2016, "within 120 days after the filing of the

---

[1]The first amended complaint was actually not filed until April 25, 2016.

complaint." Ark. R. Civ. P. 4(i)(1) (2016). At this point, appellant had not served either Mark or Lauren.

On May 17, 2016, appellant filed a motion for extension of time to complete service on both Lauren and Mark. In the motion, appellant alleged that he had retained a process server to serve the second amended complaint on both defendants. Service had been attempted on Lauren at three different addresses. At two of the addresses, the process server had been advised that Lauren was no longer a resident, and service had been unsuccessfully attempted twice at the third address. The motion alleged that Mark had been served without a file-marked summons and that additional attempts had been difficult "as Mark Willis attempted to avoid service."

On May 20, 2016, appellant filed a motion to vacate the dismissal entered against Mark on April 21, 2016, and an additional motion to extend the time to serve Mark. On June 3, 2016, appellant filed another motion to vacate both the April 21, 2016, dismissal and the dismissal entered on May 2, 2016, and to extend the time to serve Mark, clarifying that the motion to vacate was pursuant to Rule 60.[2] On May 26, 2016, Mark filed a combined objection to appellant's motions to amend the complaint, to vacate the dismissal, and to extend the time for service; a motion to strike; and a motion to dismiss. He argued, among other things, that the relation-back doctrine of Arkansas Rule of Civil Procedure 15 did not apply because Mark had been dismissed with prejudice on May 2, 2016, and Lauren did not

---

[2]Appellant alleged that he was not aware of the May 2, 2016, dismissal with prejudice until May 27, 2016, after he had filed the first motion to vacate.

have proper notice of the pending action. He argued that the claims against Mark and Lauren were brought after the statute of limitations had run and therefore the claims were time-barred. He also claimed that appellant had not demonstrated good cause to vacate the order of dismissal against him or to obtain an extension of time for service.

On June 7, 2016, the court entered an order dismissing Debra Kay as a defendant because she had passed away before the accident occurred. The court entered a second order on June 7, 2016, denying appellant's motion to vacate the dismissal of Mark and granting Mark's motion to dismiss the second amended complaint. The court gave no explanation for its denial of appellant's motion to vacate the dismissal against Mark with prejudice, but it made the following findings regarding the other motions:

> The Statute of Limitations for Plaintiff's cause of action is three (3) years. As previously noted the accident occurred on February 11, 2013. The Second Amended Complaint naming Lauren Jenae Willis as a Defendant was filed on May 16, 2016, well past the statutory time period.
>
> Plaintiff asserts that the relation-back doctrine is applicable. However, there is nothing in the pleadings to show that Lauren Jenae Willis had notice of the suit....
>
> As to Mark Willis the Statute of Limitations has also expired. Further, service was not had on Mark Willis within one-hundred twenty (120) days. Plaintiff's Motion for Extension to Serve was untimely.

For his first point on appeal, appellant contends that the circuit court abused its discretion by denying his motion to extend the time for service of process. Rule 4(i) of the Arkansas Rules of Civil Procedure states that a complaint shall be dismissed without prejudice as to a defendant if service of the summons and complaint is not made within 120 days of the filing of the complaint unless the time has been extended pursuant to the rule. Ark. R. Civ.

P. 4(i)(1). The rule provides, however, that the time for service may be extended "upon written motion and a showing of good cause . . . if the motion is made within 120 days of the filing of the suit or within the time period established by a previous extension." Ark. R. Civ. P. 4(i)(2). We review the circuit court's decision on a motion to dismiss a complaint for lack of compliance with Rule 4(i) for abuse of discretion. *Nobles v. Tumey*, 2010 Ark. App. 731, at 11, 379 S.W.3d 639, 647.

Here, appellant's motion for extension of time to serve both defendants was filed on May 17, 2016, the day before the 120-day filing period had expired. The second amended complaint was not filed until May 16, 2016, and appellant alleged in his motion to extend that he had unsuccessfully attempted service of that complaint on both Lauren and Mark. The court ruled simply that appellant's motion for extension to serve was untimely. The motion was not untimely. It was filed on May 17, 2016, one day before the end of the filing period. *See* Ark. R. Civ. P. 4(i)(2). Therefore, the circuit court's denial of appellant's motion to extend the time for service on the basis of untimeliness was an abuse of discretion, and we reverse.

Appellant next argues that the circuit court erred in holding that the claims against Lauren did not relate back to the original complaint and are therefore time-barred. We will not reverse a circuit court's decision allowing or denying amendments to pleadings absent a manifest abuse of discretion. *Orintas v. Point Lookout Prop. Owners Assoc.*, 2015 Ark. App. 648, at 3, 476 S.W.3d 174, 176. We turn to the governing rule. Rule 15 of the Arkansas Rules of Civil Procedure allows for liberal amendments to pleadings. *Id*. Further, Rule 15

provides that an amendment relates back to the date of the original pleading when

> (1) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or
>
> (2) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (1) is satisfied and, *within the period provided by Rule 4(i) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits*, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Ark. R. Civ. P. 15(c) (emphasis added).

The court found that appellant's claims against Lauren set forth in his second amended complaint did not relate back to the original complaint because Lauren did not have notice of the lawsuit. Rule 15(c) requires that the party to be brought in by amendment receive notice of the institution of the action "within the period provided by Rule 4(i) for service of the summons and complaint." *Id.* The time period "provided by" Rule 4(i) includes any extensions granted under Rule 4(i)(2). Thus, our decision reversing the court's denial of appellant's motion to extend the service time dictates that we also reverse the circuit court's dismissal of the second amended complaint based on lack of notice to Lauren. Whether notice is actually provided to Lauren after our remand remains to be seen.

Finally, appellant contends that the circuit court erroneously denied his motion pursuant to Rule 60 to vacate the prior dismissal of Mark with prejudice, which he argues should have been a dismissal without prejudice. Within ninety days of filing an order, a circuit court may modify or vacate it to "correct errors or mistakes or to prevent the

miscarriage of justice." Ark. R. Civ. P. 60(a). We review a court's decision refusing to set aside an order for abuse of discretion. *Nobles*, 2010 Ark. App. 731, at 12, 379 S.W.3d at 647–48.

Three months after the complaint had been filed, Mark filed a motion to dismiss and alternatively an answer, contending that he was "not involved in the underlying motor-vehicle accident," he was therefore an "improper party" to the lawsuit, and it should be dismissed as a matter of law. It is not clear in the motion on what rule he relied to support the dismissal. He pleaded alternatively in his answer for dismissal pursuant to Ark. R. Civ. P. 12(b)(6) for failure to state facts upon which relief may be granted because he was "not involved in the underlying motor-vehicle accident" and thus no claim could be made against him. He asked the court to dismiss the complaint against him "with prejudice" without citing authority for such a dismissal. Appellant's response acknowledged that Mark was not the driver of the vehicle and asked the court to allow him to amend the complaint to list the correct defendant. The court entered an order on April 21, 2016, granting Mark's motion to dismiss, but the court did not indicate whether the dismissal was with or without prejudice. This order indicates that it was emailed to both parties' counsel. Then, without any further pleading, the court entered a second order on May 2, 2016, finding that Mark was not a proper party to the lawsuit and dismissing the complaint against him "with prejudice." This order was stamped as having been prepared by appellees' counsel and does not indicate on the order that it was either approved as to form by appellant's counsel or that a copy was provided to appellant's counsel.

SLIP OPINION

Again, the precise legal basis for the motion to dismiss is not clear. On appeal, appellees contend the dismissal was not predicated on improper service or misjoinder of parties but on the fact that Mark was not the driver of the vehicle involved in the accident and that the complaint contained no allegations that he should be held liable due to his status as Lauren's father. The only rule of dismissal that appears applicable here is Rule 12(b)(6).

It is established law that when a complaint is dismissed under Rule 12(b)(6) for failure to state facts upon which relief can be granted, the dismissal should be without prejudice. *Ballard Group, Inc. v. BP Lubricants USA, Inc.*, 2014 Ark. 276, at 19, 436 S.W.3d 445, 456; *Ark. Dep't of Envtl. Quality v. Brighton Corp.*, 352 Ark. 396, 411, 102 S.W.3d 458, 468 (2003). Thus, the court made an error or mistake in this case by dismissing the complaint against Mark with prejudice, thereby denying appellant the opportunity to amend the complaint with respect to Mark. Accordingly, we modify the dismissal to be without prejudice.

Affirmed as modified in part; reversed and remanded in part.

GLADWIN and VAUGHT, JJ., agree.

*Taylor & Taylor Law Firm, P.A.*, by: *Andrew M. Taylor* and *Tasha C. Taylor*, for appelant.

*Munson, Rowlett, Moore & Boone, P.A.*, by: *Mary Carole Young*, *Amy Tracy*, and *Ashleigh Phillips*, for appellees.