SLIP OPINION



Cite as 2017 Ark. App. 510

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CV-16-1151

| | |
|---|---|
| THE AGRED FOUNDATION D/B/A AMERICAN GAMEBIRD RESEARCH EDUCATION AND DEVELOPMENT APPELLANT | **Opinion Delivered** October 4, 2017 |
| | APPEAL FROM THE LAFAYETTE COUNTY CIRCUIT COURT [NO. 37CV-16-16] |
| V. | HONORABLE CARLTON D. JONES, JUDGE |
| FRIENDS OF LAKE ERLING ASSOCIATION APPELLEE | APPEAL DISMISSED WITHOUT PREJUDICE |

**PHILLIP T. WHITEAKER, Judge**

The appellant American Gamebird Research Education and Development Foundation, Inc. (AGRED), appeals the Lafayette County Circuit Court's order granting summary judgment to Friends of Lake Erling Association (FOLEA) on its complaint for declaratory judgment and its request for temporary and permanent injunctions. FOLEA cross-appeals on the trial court's alleged denial of one of its requests for declaratory relief. We lack jurisdiction and must dismiss because our record does not contain a final, appealable order or an appropriate Ark. R. Civ. P. Rule 54(b) certification.

We considered the following background information in our decision to dismiss for lack of jurisdiction. In 1952, Lake Erling was created through an "Act of Exchange" between the federal government and International Paper. By the "Act of Exchange," the United States obtained an easement to acreage owned by International Paper for the purpose of building a

flood-control dam and reservoir, and International Paper was afforded the right to use the water in the reservoir for its industrial purposes. As part of this "Act of Exchange," International Paper agreed to maintain public access to Lake Erling. AGRED is the successor in interest to International Paper as a result of an assignment and assumption agreement executed in November 2013.

After acquiring its interest in Lake Erling, AGRED established an easement and permit program to allow surrounding landowners access to the lake from adjacent property in order to build and maintain boat docks and similar structures on the lake. AGRED also established a boat- and trailer-decal program for motorized boats.

In March 2016, FOLEA[1] filed a complaint against AGRED seeking to prevent AGRED from instituting these new programs. FOLEA claimed that in establishing these programs, AGRED had unlawfully attempted to restrict the public's access to Lake Erling in violation of the terms of the "Act of Exchange." FOLEA requested a declaration by the court that (1) its members have the unrestricted right to access the waters of Lake Erling; (2) AGRED is obligated to maintain Lake Erling for the benefit of the public, including the public's right to hunt and fish on Lake Erling and as a source of flood control; (3) AGRED's attempt to require adjacent landowners to obtain a permit and pay a fee to AGRED for structures on Lake Erling violates the "Act of Exchange"; and (4) AGRED's attempt to

---

[1]FOLEA is an Arkansas nonprofit corporation whose membership consists of "individuals who either own real property adjacent to Lake Erling or rent property adjacent to Lake Erling and who have, in the past, enjoyed the unrestricted right to boat, hunt, fish, and engage in recreational activities on Lake Erling."

require the public to obtain a boat sticker and pay a fee to AGRED violates the "Act of Exchange." The complaint also requested preliminary and permanent injunctions preventing AGRED from restricting the rights of the members of FOLEA or the general public from accessing Lake Erling.

AGRED subsequently moved to dismiss FOLEA's complaint, arguing that FOLEA lacked standing to bring the action. A hearing was held on the motion to dismiss, and the court orally denied AGRED's motion to dismiss, finding FOLEA had standing to assert its claims.[2]

The parties then filed cross-motions for summary judgment, each claiming entitlement to a judgment as a matter of law. The trial court indicated it was granting FOLEA's motion for summary judgment, and FOLEA submitted a proposed order setting forth the court's ruling. FOLEA requested that the proposed order include language enjoining AGRED's attempt to institute an assessment against adjoining landowners for the right to construct docks, piers, and boathouses. This language corresponded with FOLEA's third specific request for declaratory relief set forth in its complaint. The court, however, requested that that specific language be struck from the final order. As a result, the court entered an order that granted summary judgment in favor of FOLEA and declared that "its members are entitled to unrestricted access to Lake Erling," but failed to address all of FOLEA's claims for declaratory relief—specifically, whether AGRED's attempt to require adjacent landowners to obtain a

---

[2]The order that ultimately granted summary judgment in favor of FOLEA also set forth the trial court's ruling on FOLEA's standing to assert its claims.

permit and pay a fee to AGRED for structures on Lake Erling constituted a violation of the "Act of Exchange." We also note that the final order did not expressly deny FOLEA's claim in this regard, nor did it grant partial summary judgment in favor of AGRED on this issue. Instead, the order is unquestionably silent on this issue.

Our supreme court has repeatedly held that it is not enough to dismiss some of the parties or to dispose of some of the claims; to be final and appealable, an order must cover all of the parties and all of the claims. *Stebbins v. Stebbins*, 2017 Ark. App. 428, at 4; (citing *J-McDaniel Constr. Co. v. Dale E. Peters Plumbing Ltd.*, 2013 Ark. 177). The order in this case simply did not do so. Because a final order has not been entered disposing of all of FOLEA's claims and because there was no Rule 54(b) certification, we lack jurisdiction of this appeal, and it must be dismissed.

Appeal dismissed without prejudice.

GRUBER, C.J., and BROWN, J., agree.

*Bell & Boyd, PLLC*, by: *Michael W. Boyd* and *Karen Talbot Gean*, for appellant.

*McMath Woods, P.A.*, by: *Samuel E. Ledbetter*; and *Joseph Hamilton Kemp, PLLC*, by: *Joseph Hamilton Kemp*, for appellee.