RITA W. GRUBER, Chief Judge
Appellants, the unknown heirs of Nathaniel Neal and Emaline Neal, appeal from an order of the Sevier County Circuit Court that denied their motion for summary judgment and granted the motion for summary judgment filed by appellees Jerry and Judy Pickett (the Picketts) and Professional Land Title Company (ProLand). Appellants raise five points on appeal.[1] However, we cannot reach the merits of the appeal because the order appealed from is not a final, appealable order. Accordingly, we dismiss the appeal.
We begin with a short discussion of the history leading up to this appeal. On December 16, 2009, Dorothy Vaughn and Gail Hamilton filed a petition for quiet title against Louis Willis, Homer Willis, and the unknown heirs of Nathaniel Neal and Emaline Neal.[2] Vaughn and Hamilton alleged that they were the rightful owners of property situated in Sevier County, had exercised exclusive dominion and control over the property by paying taxes, and had held the property adversely to any claim of the defendants or any other persons. Homer and Louis filed an answer on February 3, 2010. Vaughn and Hamilton filed an affidavit for warning order on February 23, 2010, to serve the unknown heirs. The warning order was issued on February 23, 2010, and proof of publication was filed April 22, 2010, indicating that it had been published on March 11 and 18, 2010.
At the hearing on the petition to quiet title, the trial court indicated that only two lines of heirs were present, which were the named parties. The court further suggested it could either find adverse possession and give the land to Vaughn and Hamilton, or it could split the property 50/50 between the two lines of heirs present at the hearing. The court stated that the parties may have a problem with the "other ten heirs *105 by not having personal service ... only two heirs of the children responded." After hearing the testimony, the court found that Vaughn and Hamilton did not hold the property adversely to the other heirs. Instead, recognizing that only two lines were present, the court found that the named parties owned the "property as tenants in common, meaning 50/50." The written decree quieting title was entered September 29, 2010, and an amended decree was filed October 21, 2010, to correct an error in the legal description of the land.
In 2011, Vaughn, Hamilton, Louis Willis, and Homer Willis, along with the spouses of those who were married, sold the property to Jerry and Judy Pickett. A warranty deed was filed March 15, 2011.
On March 11, 2016, the unknown heirs of Nathaniel Neal and Emaline Neal filed a petition for relief under the same case number and caption as the original quiet-title action, which resulted in the amended order quieting title filed October 21, 2010. The petition alleged that the decree was defective because (1) it granted relief that had not been requested; (2) the court's exclusion of unnamed defendants/heirs was based on the adoption of allegations proffered to it by the named parties, i.e., that all the defendants had been properly constructively summoned but that none appeared except Homer and Louis and that all the unknown heirs were residents of Arkansas as stated in the warning order; (3) the finding that no other heirs were before the court on August 20, 2010, was factually wrong because two of the unknown heirs had participated in formal discovery, pretrial preparations, and testified at the hearing; (4) the named parties failed to apprise the court of the identity of those witnesses as being unknown heirs even when the court ruled that the unknown heirs failed to appear; (5) the parties did not apprise the court of this misunderstanding of fact after the hearing and before the entry of the amended decree; and (6) the court mistakenly found the unknown heirs failed to appear as a result of the parties misrepresentation and fraud upon the court. Based on these allegations, appellants asked that the decree be set aside based on fraud or misrepresentation under Rule 60(c)(4) of the Arkansas Rules of Civil Procedure.
An amended petition for relief was filed by the unknown heirs on May 18, 2016, adding the Picketts and ProLand to the caption, alleging in part that the Picketts and ProLand "sought to complete the fraud" by attempting to obtain title insurance to the property in order to sell it to the Picketts; that the Picketts knew that the named parties lacked clear title; and that ProLand issued the title insurance in spite of the clear defects that were known to it.[3] On June 20, 2016, ProLand filed a "Motion to Dismiss, or in the Alternative, Answer to the Amended Petition for Relief from Judgment" and an amended pleading on August 4, 2016. The Picketts filed an answer to the amended petition on June 28, 2016, also asking that the amended petition be dismissed. Appellants filed an amendment to the amended petition for relief from judgment on May 19, 2017, further alleging that the court's 2011 findings and ruling acted as a default judgment against the appellants.
On June 26, 2017, the Picketts filed a motion for summary judgment, asserting in part that appellants had not filed a "third party complaint or any pleading asserting a claim or affirmative relief against *106 ProLand or the Picketts." The Picketts stated, "In this case, [appellants] have not filed a pleading as defined above [ Ark. R. Civ. P. 7 & 8 ] against the Picketts and ProLand. As such, a summons to appear should not have been issued to these parties, and they should be dismissed." (Emphasis supplied.) ProLand filed a motion to adopt the motion for summary judgment filed by the Picketts. Appellants then filed a motion for summary judgment on June 29, 2017, asking the court to enter an order setting aside the amended decree quieting title, arguing that the October 21, 2010 judgment was void or voidable because the named parties failed to provide notice to the "unknown heirs" even though many names and addresses were known to the named parties and that the amended decree was induced by fraud of the named parties, which inured to the benefit of the Picketts and ProLand.
The trial court issued a letter opinion filed September 5, 2017, indicating that it was granting ProLand and the Picketts' motion for summary judgment. Appellants filed a letter with the court on September 6, 2017, requesting findings of fact and conclusions of law. In an order entered October 2, 2017, the trial court granted ProLand and the Picketts' motion for summary judgment, agreeing that they were not properly brought into the case, and denied appellants' motion for summary judgment. The order also provided that "all claims or causes of action asserted by the parties that are not specifically addressed in this Order are denied." Appellants appeal from the October 2, 2017 order.
Although the parties do not raise it, we must address whether this appeal is properly before this court. Whether a final judgment, decree, or order exists is a jurisdictional issue that we have a duty to raise, even if the parties do not, in order to avoid piecemeal litigation. Clark v. Summers, 2018 Ark. App. 225, at 3-4, 547 S.W.3d 511, 513. When the order appealed from is not final, this court will not decide the merits of the appeal. Id. Rule 2(a)(1) of the Arkansas Rules of Appellate Procedure-Civil provides that an appeal may be taken only from a final judgment or decree entered by a circuit court. For an order to be final, it must dismiss the parties from the court, discharge them from the action, or conclude their rights to the subject matter in controversy.
In Cannady v. St. Vincent Infirmary Med. Ctr., 2018 Ark. 35, at 10-11, 537 S.W.3d 259, 265-66, the supreme court explained:
Generally, there is no basis for the review of a denial of interlocutory orders such as motions for summary judgment. Arkansas Ins. Dep't v. Baker, 358 Ark. 289, 188 S.W.3d 897 (2004). However, interlocutory appeals may be proper if the order in effect determines the action and prevents a judgment from which an appeal might be taken. Gipson v. Brown, 288 Ark. 422, 706 S.W.2d 369 (1986). We have allowed the appeal of the denial of a summary judgment motion when the circuit court in so ruling engages in fact finding that effectively rules on a party's defense. BPS, Inc. v. Parker, 345 Ark. 381, 47 S.W.3d 858 (2001). In some situations, consideration of an appeal of the denial of a motion for summary judgment may be proper when considered in conjunction with an appeal of an order granting summary judgment in order to determine if factual disputes remain for trial. Wilson v. McDaniel, 247 Ark. 1036, 449 S.W.2d 944 (1970). However, if a review of the denied motion is not necessary to sustain the motion that was granted, an appeal is not proper.
*107 City of North Little Rock v. Garner, 256 Ark. 1025, 511 S.W.2d 656 (1974).
The present case does not involve competing motions for summary judgment. Appellants' motion argued the reasons why the 2011 order should be set aside, and ProLand and the Picketts' motion argued that they were not properly before the court because appellants failed to file a valid pleading stating a claim against them. In addition, appellants make no argument that the trial court erred in granting ProLand and the Picketts' motion for summary judgment. The purpose of a summary judgment proceeding is not to try the issues, but to determine if there are any issues to be tried. Buie v. Certain Underwriters at Lloyds of London, 79 Ark. App. 344, 348, 87 S.W.3d 832, 835 (2002). The denial of summary judgment in this case does not fall within any of the exceptions in which an appeal from a denial of summary judgment may be allowed. Therefore, we dismiss the appeal for lack of a final, appealable order.
Appeal dismissed without prejudice.
Glover and Murphy, JJ., agree.

We note that appellants' brief failed to comply with the briefing requirements set out in Arkansas Supreme Court Rule 4-2. Even after appellants were ordered to correct the addendum upon motions of the Picketts and ProLand, the two-part, corrected addendum filed by appellants was once again deficient, containing an index with numerous incorrect page numbers. Additionally, at least one item identified in the index was not actually contained in the addendum. Further, there are citations to the addendum in the appellants' brief that do not correlate with the corrected addendum. These deficiencies made it extremely difficult for our review.

Vaughn and Hamilton stated in the complaint that they are the daughters of the deceased B.W. Willis, also known as Henry B. Willis and the grandchildren of Nathaniel Neal and Emaline Neal. Although not alleged in the complaint, it appears as though Nathaniel Neal and Emaline Neal had twelve children and died intestate. The record indicates that Louis and Homer are brothers and great-grandchildren of Nathaniel and Emaline Neal.

Although not in the record, the Picketts' brief indicates that summonses were issued to the Picketts and to ProLand.