Cite as 2020 Ark. App. 257

# ARKANSAS COURT OF APPEALS
DIVISION I
**No.** CV-19-759

| | |
|---|---|
| ENCOMPASS INSURANCE COMPANY AND ENCOMPASS INDEMNITY COMPANY<br><br>APPELLANTS<br><br>V.<br><br>PAUL I. WILLS<br><br>APPELLEE | **Opinion Delivered:** April 22, 2020<br><br>APPEAL FROM THE SEBASTIAN COUNTY CIRCUIT COURT, FORT SMITH DISTRICT<br>[NO. 66FCV-19-131]<br><br>HONORABLE JAMES O. COX, JUDGE<br><br>APPEAL DISMISSED |

## MEREDITH B. SWITZER, Judge

Encompass Insurance Company and Encompass Indemnity Company (Encompass) appeal the Sebastian County Circuit Court's grant of summary judgment to Dr. Paul I. Wills awarding him $500,000 for decreased earning capacity as the result of a motor-vehicle accident. On appeal, Encompass argues summary judgment was improper because genuine issues of material fact remain to be litigated. We do not reach the merits but instead dismiss this appeal for lack of a final, appealable order.

On November 17, 2015, Christopher Hand rear-ended Wills's vehicle and injured seventy-two-year-old Wills. Hand's insurance company, State Farm, paid its liability-coverage policy limits of $50,000 to Wills. Wills was ensured by Encompass, and his policy included an underinsured-motorist provision with a limit of $500,000. Wills alleged he had suffered a decreased earning capacity in excess of $500,000 and aggregate damages exceeding $1 million as a result of the accident, yet Encompass had refused to pay the $500,000 policy

limits. When Encompass failed to pay the $500,000 limit of his underinsured-motorist policy, Wills filed suit in February 2019, alleging he suffered whiplash, cervical injuries, aggravation of his preexisting Parkinson's disease, pain and suffering, inability to work and carry on his employment, and "inability to move, walk, and handle his body" as a result of the accident. Wills alleged that as a result of Encompass's failure to pay the underinsured-motorist coverage policy limits, he was entitled to not only the $500,000 policy limits, but also a 12 percent penalty, attorney fees, and all other costs. Wills further alleged Encompass had committed the tort of bad faith, which entitled him to punitive damages as well.

In its answer, Encompass denied Wills had proved his damages but had merely asserted such damages, especially regarding the alleged aggravation of his admittedly preexisting Parkinson's disease condition. Encompass further denied it had demonstrated bad faith, asserting instead it had made efforts to resolve Wills's claim prior to litigation and had made an offer to settle; thus, there was no basis for punitive damages.

On April 3, 2019, Wills filed a motion for summary judgment, which was divided into two issues. For his first issue, Wills asserted that the November 2015 vehicle accident aggravated his preexisting Parkinson's disease and caused other personal injuries and other damages. As a result, he claimed he was entitled to damages, including loss of earning capacity; past and future medical and personal caretaking expenses; past and future pain and suffering; and loss of ability to work, perform physical activities, pursue hobbies, and perform the tasks of daily living. Wills's second issue addressed his decreased earning capacity. Wills claimed that medical records filed by him left no issue of material fact that he had lost future earning capacity exceeding $500,000. He prayed for summary judgment

2

for the $500,000 underinsured-motorist policy limits, a 12 percent penalty, and attorney's fees, reserving the issue of punitive damages until after discovery could be conducted.

Attached to Wills's motion for summary judgment were affidavits from himself, his wife, Margaret Wills, Dr. John Swicegood, and Dr. Cole Goodman. In his affidavit, Wills detailed his diagnosis in 2009 with stage 1 Parkinson's disease that had remained stable until the accident; that twenty-four hours after the November 2015 accident his Parkinson's symptoms "exploded," and within one week his condition degenerated from stage 1 to stage 3 or 4; and that while he had planned to work as an ear, nose, and throat surgeon for three more years, he was unable to do so due to the acceleration of his Parkinson's symptoms as a result of the motor-vehicle accident. Margaret Wills's affidavit detailed how their lives had been changed after the accident including the degeneration of Wills's condition due to his Parkinson's and her role as his caretaker. Dr. Swicegood's affidavit stated he saw Wills after the accident; Wills presented with severe neck pain, whiplash symptoms, and a history of stable Parkinson's disease; his Parkinson's continued to deteriorate; and the deterioration began after the motor-vehicle accident. Dr. Goodman opined that prior to the accident, Wills would have had employment opportunities to earn within the range of $250,000 to $400,000 per year. Wills also attached various medical records detailing the worsening of his Parkinson's as well as tests regarding his cervical spine.

On April 12, Encompass filed a motion for partial summary judgment on the issues of bad faith and punitive damages, arguing that Wills's complaint failed to plead facts that could amount to the tort of bad faith or support an award of punitive damages. Encompass asserted that the claim of bad faith should be dismissed with prejudice.

3

On April 23, Encompass responded to Wills's motion for summary judgment, admitting Wills was entitled to damages as a result of the November 2015 accident but noting Wills had already received $50,000 from State Farm and asserting that issues remained as to whether Wills was entitled to more damages than the amount he had already received and, if so, how much more. Encompass further asserted that issues remained regarding whether it was in breach of its underinsured-motorist contract with Wills for not having paid more already.[1] Encompass asserted that summary judgment was improper because significant issues of material fact existed. Encompass also alleged that the evidence in the record failed to make out even a prima facie showing that Wills's claimed injuries—specifically, the aggravation of his Parkinson's—were caused by the accident. Nevertheless, in support of its response, Encompass attached an affidavit from Dr. Steven Arkin, a board-certified neurologist, who opined that the motor-vehicle accident did not aggravate Wills's Parkinson's. Encompass asserted that Dr. Arkin's affidavit was sufficient to establish the existence of a genuine issue of material fact.

On April 30, Wills filed a pleading entitled "Motion for Judgment for Plaintiff on Plaintiff's Motion for Summary Judgment," reiterating his contention of entitlement to summary judgment. While the worsening of his Parkinson's symptoms remained the crux of Wills's alleged injuries from the accident, he pointed out that he also suffered other personal injuries and damages, including injury to his cervical spine, as a result of the accident. While Wills conceded that Dr. Arkin's affidavit had created an issue of fact with

---

[1]Encompass noted that Wills's bad-faith and punitive-damages claims were not before the circuit court in Wills's summary-judgment motion.

4

regard to the aggravation of his Parkinson's, he asserted Dr. Arkin's affidavit had not addressed those other injuries. Wills also argued that his assertion that he had a decreased earning capacity in excess of $500,000 was unrebutted by Encompass by an affidavit or other evidence; therefore, he was entitled to summary judgment in the amount of $500,000.

After a hearing on May 31, the circuit court entered an order granting Wills's motion for summary judgment. In granting Wills's motion, the circuit court noted that while there was "an issue of fact on the sole proposition as to whether or not the vehicle accident of November 17, 2015, aggravated Dr. Wills's pre-existing Parkinson's Disease," Dr. Arkin's affidavit related only to the "aggravation of pre-existing Parkinson's Disease" and did not exclude other "personal injuries and damages." The circuit court further found Dr. Arkin's opinion was that the injuries Wills incurred in the motor-vehicle accident were not caused by aggravation of Wills's Parkinson's, but his opinion did not diminish the other injuries and damages Wills suffered as set forth in the affidavits of Wills, Margaret Wills, and Dr. Swicegood. The circuit court also noted that Encompass failed to file an affidavit in opposition to Wills's claim of decreased earning capacity and therefore granted summary judgment to Wills on the issue of economic damages in the amount of $500,000.

On June 4, the circuit court entered an order granting Encompass's motion for partial summary judgment on the bad-faith and punitive-damages claims and dismissing those claims with prejudice.

On June 7, Encompass filed a motion for reconsideration asserting that a factual question remained as to how much of Wills's loss of earning capacity was the result of Parkinson's, which Dr. Arkin opined was not worsened by the accident versus other injuries

5

that were a result of the accident. Encompass argued it was not required to obtain another affidavit to rebut Wills's loss of earning capacity because it had put forward proof that Wills's worsened Parkinson's, which was undisputedly a factor—possibly the sole factor—in causing Wills's loss of earning capacity, was not the result of the accident. Encompass further asserted that the record did not show any other injury or combination of injuries to which a loss of earning capacity could be attributed.

Encompass filed its first notice of appeal on June 28 appealing the May 31 judgment entered against it.

On July 17, Wills filed a motion for relief from the court's June 4 order granting Encompass partial summary judgment on the issues of bad faith and punitive damages pursuant to Rule 60(a) of the Arkansas Rules of Civil Procedure. Wills argued that Encompass's motion was a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Arkansas Rules of Civil Procedure rather than a motion for partial summary judgment and that the partial summary-judgment award should be a dismissal without prejudice.

On August 5, Encompass amended its notice of appeal to include the denial of its motion for reconsideration (filed June 7), which was deemed denied as a matter of law on July 7 when the circuit court failed to rule on it within thirty days.

On August 6, Wills filed a motion seeking a 12 percent penalty for Encompass's failure to pay the $500,000 insurance proceeds as well as any other statutory penalties; costs; and $200,000 in attorney fees.

6

Also on August 6, the circuit court entered an order denying Encompass's motion for reconsideration. This order was of no consequence, as the motion for reconsideration had been deemed denied on July 7.

On August 16, the circuit court entered an order granting Wills's motion to set aside the earlier order granting Encompass partial summary judgment on the issues of bad faith and punitive damages. The circuit court agreed that the motion should have been considered as a motion to dismiss and entered an order dismissing those claims without prejudice.

On August 20, Encompass responded to Wills's motion for attorney fees, denying such a large fee was warranted. On September 11, the circuit court entered an order awarding Wills $200,000 in attorney fees, assessing a $60,000 penalty fee, and allowing Wills to recover all costs attributable to the litigation. On September 13, Encompass filed a second amended notice of appeal to include the circuit court's September 11 order. The record in this matter was lodged with this court on September 20.

Whether a judgment, decree, or order is final is a jurisdictional issue the appellate court must raise, even if the parties do not, in order to avoid piecemeal litigation. *Neal v. Vaughn*, 2018 Ark. App. 548, 565 S.W.3d 103. When the order appealed from is not final, this court will not decide the merits of the appeal. *Id.* For an order to be final, it must dismiss the parties from the court, discharge them from the action, or conclude their rights to the subject matter in controversy. *Id.*

A circuit court may modify or vacate an order within ninety days of filing it to "correct errors or mistakes or to prevent the miscarriage of justice." *McClurkin v. Willis,*

2017 Ark. App. 247, at 6–7, 522 S.W.3d 137, 141; Ark. R. Civ. P. 60(a). When a complaint is dismissed without prejudice, the plaintiff has the option of pleading further or appealing. *Panhandle Oil and Gas, Inc. v. BHP Billiton Petroleum (Fayetteville) LLC*, 2017 Ark. App. 201, 520 S.W.3d 277.

The issue of finality was created when the circuit court entered an order setting aside its June 4 order granting Encompass's motion for partial summary judgment on the issues of bad faith and punitive damages and dismissing those issues *without prejudice* on August 16. The dismissal without prejudice gave Wills the option of pleading further or appealing. Wills did not file a cross-appeal in this matter, which means he has the option to refile the bad-faith and punitive-damages claims. The order is not final and appealable because it does not conclude their rights to the subject matter in controversy.

The circuit court had jurisdiction to modify its order granting Encompass partial summary judgment on the issues of bad faith and punitive damages by converting it to an order of dismissal without prejudice for failure to state a claim on those issues pursuant to Rule 60 because the record had not yet been lodged with this court when it issued the order. Once the record is lodged in the appellate court, the circuit court no longer exercises jurisdiction over the parties and the subject matter in controversy. *Myers v. Yingling*, 369 Ark. 87, 251 S.W.3d 287 (2007). In this case, the record was not lodged with this court until September 20, well after the circuit court's order granting the dismissal without prejudice on August 16. Because we lack a final, appealable order, this appeal must be dismissed.

Appeal dismissed.

8

GRUBER, C.J., and HIXSON, J., agree.

*Laser Law Firm*, by: *James D. Burns*, for appellants.

*Gilbreath Law Firm*, by: *E.C. Gilbreath*, for appellee.