Cite as 2024 Ark. App. 510

# ARKANSAS COURT OF APPEALS
### DIVISION III
### No. CV-23-372

| | |
|---|---|
| USABLE MUTUAL INSURANCE CO. (D/B/A ARKANSAS BLUE CROSS BLUE SHIELD), USABLE CORP. (D/B/A TRUE BLUE PPO, ARKANSAS FIRSTSOURCE, AND PREFERRED PROVIDER NETWORKS OF ARKANSAS), AND HMO PARTNERS, INC. (D/B/A HEALTH ADVANTAGE HMO ARKANSAS) | Opinion Delivered October 23, 2024 |
| APPELLANTS | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, FOURTH DIVISION [NO. 60CV-20-2525] |
| | |
| V. | HONORABLE HERBERT T. WRIGHT, JUDGE |
| | |
| ADAM STIBICH, M.D. | |
| APPELLEE | APPEAL DISMISSED WITHOUT PREJUDICE |

**CINDY GRACE THYER, Judge**

The appellants in this case, a network of healthcare-insurance providers (collectively, "the Networks") appeal from an order of the Pulaski County Circuit Court that granted the summary-judgment motion filed by appellee Dr. Adam Stibich. At issue is whether the Networks' removal of Stibich from their healthcare-provider networks violated Arkansas's "Any Willing Provider" (AWP) law, codified at Arkansas Code Annotated sections 23-99-201 et seq. (Repl. 2014 & Supp. 2023). Because we lack a final order in this case, the appeal must be dismissed at this time.

Stibich is a dermatologist practicing in Garland County. Until May 2019, Stibich participated in the in-network provider panels of the Networks. As an in-network provider, Stibich was subject to the terms and conditions of the Networks' participation agreements. Among other provisions, those agreements all contained specific language regarding grounds for termination from participation in the network. In addition, in 2005, the Networks issued a "Notice of Network Terms and Conditions" ("the Notice") that was intended to "clarif[y] and exten[d] current Network Terms and conditions . . . applicable to all qualified individual providers who participate in" the Networks.

In May 2019, the Networks notified Stibich that they were terminating his network-participation agreements with them. The Networks all pointed to specific terms and conditions of the agreements that provided grounds for termination. After Stibich unsuccessfully appealed the termination through two levels of the Networks' appeal process, he filed a complaint against the Networks in the Pulaski County Circuit Court on April 5, 2020. In his complaint, he asserted that the Networks' termination of his in-network status violated Arkansas's AWP laws, which declare that an insurer "shall not, directly or indirectly, . . . prohibit or limit a healthcare provider that is qualified under [the relevant language in the statute] and is willing to accept the health benefit plan's operating terms and conditions . . . from the opportunity to participate in that health benefit plan." Stibich asserted he was a qualified healthcare provider under the relevant statute; therefore, the Networks' termination of his agreement violated the AWP. Therefore, pursuant to Arkansas Code

Annotated section 23-99-207, Stibich sought injunctive relief against the Networks and asked the circuit court to direct the Networks to reinstate him to their in-network provider panels.[1]

Stibich subsequently moved for summary judgment on his claim that the Networks violated the AWP, arguing that the undisputed facts demonstrated that the Networks used an improper and unlawful standard to terminate his agreements with them. He thus sought

---

[1]Stibich's complaint also alleged grounds of tortious interference with contractual relationships with in-network patients and tortious interference with business expectancy. The Networks sought to compel arbitration of all of Stibich's claims, citing language in the provider agreements requiring arbitration "in the event of a dispute between the parties to this Agreement concerning the terms, conditions, performance or non-performance, interpretation, construction, or application of this Agreement, or any issue relating thereto, including but not limited to any dispute concerning Provider's credentials, qualifications, [or] Network participation status." The circuit court granted the Networks' motion to compel arbitration of Stibich's tortious-interference claims but denied it as to his claim under the AWP, reasoning that the express intent of the legislature was that the enforcement provisions of the AWP "be enforced by the courts." The court's order stated, "The [Networks'] motion to compel arbitration on [the AWP] cause of action is denied. The [Networks'] motion to compel arbitration is granted with respect to the tortious interference cause[s] of action."

Under the Arkansas Arbitration Act, "[i]f the court orders arbitration, the court on just terms shall stay any judicial proceeding that involves a claim subject to the arbitration. If a claim subject to arbitration is severable, the court may limit the stay to that claim." Ark. Code Ann. § 16-108-207(g) (Repl. 2016). Notably, here, the court's order did not include language indicating whether the arbitrable claims were stayed. On the record before us, this court is therefore unaware of the status of those claims that were sent to arbitration. Although we are dismissing this appeal for lack of a final order on other grounds, we caution the parties to ensure that any remaining claims, which may or may not still be subject to arbitration, are resolved before attempting to pursue a potential appeal in the future. *See, e.g.*, *Fox v. Fox*, 2021 Ark. App. 416, at 4 (citing the appellate courts' policy against considering piecemeal appeals and noting that "even though an issue on which a court renders a decision might be an important one, an appeal will be premature if the decision does not, from a practical standpoint, conclude the merits of the case.").

a judgment declaring his removal from the Networks' provider panels "void as a matter of law and ordering the Networks to reinstate him to in-network status immediately."

The Networks responded to Stibich's summary-judgment motion, asserting, among other things, that Stibich failed to make a prima facie case for an injunction under the AWP and that genuine issues of material fact remained.

The circuit court entered an order on January 9, 2023, granting Stibich's motion for summary judgment. The court found that under Arkansas Code Annotated section 23-99-804 (Supp. 2023), a healthcare provider like Stibich "cannot be excluded from contracting with a health insurer if they are licensed and in good standing with their respective licensing board and if they are permitted to participate in Medicare, Medicaid, or any other federal health benefit plan." The court also determined that the Networks' decision to terminate their agreements with Stibich was not conducted in a fair and nondiscriminatory manner, in violation of the AWP. The court thus determined that there were no material questions of fact in dispute and that Stibich's motion for summary judgment should be granted.

The same day the court's order was entered, Stibich wrote to the Networks, arguing that in light of the court's ruling, he expected to be reinstated to the Networks "immediately." The Networks replied that although the court's order granted Stibich's motion for summary judgment, they had "not been directed by the Court to reinstate Dr. Stibich at this point. The summary judgment order does not enter an injunction or even mention injunctive relief."

Stibich then filed a motion on January 18, 2023, asking the court to amend its order to expressly provide relief in the form of a directive to the Networks to immediately reinstate him to in-network status and an injunction prohibiting the Networks from using the criteria they used to remove him from in-network status. The Networks responded that while they believed Stibich was not entitled to relief, if the court were to enter an injunction, it should require him to submit to the normal credentialling process that all other physicians who are admitted or readmitted to the networks routinely complete.

The circuit court never responded to Stibich's motion or the Networks' response. The Networks filed a notice of appeal on February 6, and they now argue to this court that the circuit court erred in granting Stibich's motion for summary judgment.

We must dismiss the Networks' appeal at this time, however, because we lack a final, appealable order. Whether an order is final and subject to appeal is a question of jurisdiction, which this court will raise sua sponte. *Jackson v. Goynes*, 2024 Ark. App. 441 (citing *Moses v. Hanna's Candle Co.*, 353 Ark. 101, 110 S.W.3d 725 (2003)). Rule 2(a)(1) of the Arkansas Rules of Appellate Procedure–Civil (2023) provides that an appeal may be taken only from a final judgment or decree entered by the circuit court. *Searcy Cnty. Counsel for Ethical Gov't v. Hinchey*, 2011 Ark. 533. "For a [decree] to be final and appealable, it must dismiss the parties from the court, discharge them from the action, or conclude their rights to the subject matter in controversy." *Entergy Ark., LLC v. Ark. Pub. Serv. Comm'n*, 2021 Ark. App. 506, at 5 (quoting *Roach v. Roach*, 2019 Ark. App. 34, at 5, 571 S.W.3d 487, 490). It must also "put the court's directive into execution, ending the litigation or a separable part of it." *Id.*

Under Arkansas Rule of Civil Procedure 54(b), an order that fails to adjudicate all the claims as to all the parties, whether presented as claims, counterclaims, cross-claims, or third-party claims, is not final for purposes of appeal. *Smith v. Wright*, 2014 Ark. 222. In *Smith*, the circuit court granted a motion for summary judgment in which it found Act 144 of 1997 and Amendment 83 to the Arkansas Constitution unconstitutional. The State appealed and petitioned the supreme court for an emergency stay of that order. The appellee, however, responded with a motion to dismiss the State's appeal for lack of a final order because the circuit court "only ruled on the declaratory judgment aspect of the case and has not ruled upon the injunctive relief issue." The supreme court agreed and dismissed the appeal, noting that the "record reflects neither an adjudication of all claims nor a proper certification pursuant to Rule 54(b) of the Arkansas Rules of Civil Procedure." *Smith*, 2014 Ark. 22, at 6.

Similarly, in *AGRED Foundation v. Friends of Lake Erling Ass'n*, 2017 Ark. App. 510, the circuit court considered cross-motions for summary judgment filed by Friends of Lake Erling Association (FOLEA) and by American Gamebird Research Education and Development Foundation (AGRED). FOLEA's motion requested an order including language that enjoined AGRED from attempting to engage in certain conduct and sought other declaratory relief. The court granted FOLEA's summary-judgment motion, but its order did not address FOLEA's claims for declaratory relief. This court dismissed AGRED's subsequent appeal, observing the circuit court's silence on FOLEA's request for declaratory relief and noting as follows:

Our supreme court has repeatedly held that it is not enough to dismiss some of the parties or to dispose of some of the claims; to be final and appealable, an order must cover all of the parties and all of the claims. *Stebbins v. Stebbins*, 2017 Ark. App. 428, at 4 (citing *J-McDaniel Constr. Co. v. Dale E. Peters Plumbing Ltd.*, 2013 Ark. 177). The order in this case simply did not do so. Because a final order has not been entered disposing of all of FOLEA's claims and because there was no Rule 54(b) certification, we lack jurisdiction of this appeal, and it must be dismissed.

*Id.* at 4.

Similarly, here, although the circuit court's order granted Stibich's motion for summary judgment, it was silent on his request for injunctive relief. Because the court's order does not dispose of all Stibich's claims, and there is no Rule 54(b) certification, we lack a final order and thus also lack jurisdiction to consider the Networks' appeal.

Appeal dismissed without prejudice.

KLAPPENBACH and WOOD, JJ., agree.

*Wright, Lindsey & Jennings LLP*, by: *Gordon S. Rather, Jr.*, and *Gary D. Marts, Jr.*, for appellants.

*Mitchell, Blackstock, Wright & Alagood, PLLC*, by: *Michael W. Mitchell*, *Greg Alagood*, and *Michael Muskheli*, for appellee.