Cite as 2025 Ark. App. 155

# ARKANSAS COURT OF APPEALS
DIVISION IV
No. CV-23-817

SEASIDE POOLS, INC.

APPELLANT

V.

ROBERT LEE CURTIS, JR., AND
SHEILA DAWN CURTIS

APPELLEES

Opinion Delivered March 12, 2025

APPEAL FROM THE BENTON
COUNTY CIRCUIT COURT
[NO. 04CV-22-2183]

HONORABLE CHRISTINE
HORWART, JUDGE

DISMISSED

**BART F. VIRDEN, Judge**

Appellant Seaside Pools, Inc., appeals from the Benton County Circuit Court's order granting summary judgment to appellees Robert Lee Curtis, Jr., and Sheila Dawn Curtis. Seaside raises three points on appeal: (1) it is not a "residential contractor" under Ark. Code Ann. § 18-44-115(a)(4) (Supp. 2017); (2) Act 984 of 2021 should be applied retroactively; and (3) Act 808 of 2017 violates article 2, section 13 of the Arkansas Constitution. Because the order does not dismiss all of the claims against all of the defendants and does not contain a certification of finality pursuant to Ark. R. Civ. P. 54(b), we dismiss for lack of jurisdiction.

Arkansas Rule of Appellate Procedure–Civil 2(a)(1) provides that an appeal may be taken only from a final judgment or decree entered by the trial court. A final order is one that dismisses the parties, discharges them from the action, or concludes their rights to the subject matter in controversy. A *Time for You, LLC v. Park H Props., LLC*, 2019 Ark. App.

282. Whether an order is final for appeal purposes is a jurisdictional question that this court will raise sua sponte. *Id.* When more than one claim for relief is presented in an action or when multiple parties are involved, an order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not a final, appealable order. Ark. R. Civ. P. 54(b)(1). The purpose of Rule 54(b) is to avoid piecemeal litigation. *Neal v. Vaughn*, 2018 Ark. App. 548, 565 S.W.3d 103.

In December 2020, Seaside contracted with the Curtises to install a swimming pool at their home in Siloam Springs. When the Curtises failed to finish paying for their pool after its completion, Seaside filed a complaint in August 2022 to impress and foreclose a lien against the Curtises' property. Seaside also named as defendants Generations Bank and Charles S. Collins, Commissioner of Revenue for the Arkansas Department of Finance and Administration (DFA), alleging that those defendants may have junior and inferior interests in the Curtises' property.

The Curtises and Generations Bank—but not DFA—moved to dismiss the complaint against them pursuant to Ark. R. Civ. P. 12(b)(6). The trial court granted the motions to dismiss without prejudice but permitted Seaside to amend its complaint to allege "one or more different causes of action." At the hearing, the court told Seaside that "unless [it got] real creative" with its amended complaint, Generations Bank was "probably out."

Seaside filed an amended and restated complaint against only the Curtises for breach of contract and sought a personal judgment, i.e., it omitted the lien-foreclosure action. Seaside nevertheless served the amended complaint not only on the Curtises but also on

Generations Bank and DFA. Moreover, in paragraph 10 of the amended complaint, Seaside

alleged the following:

> In that this Court has previously dismissed the original complaint against the Generations Bank and Charles Collins, Commissioner of Revenue for the Department of Finance and Administration of Arkansas, no new allegations are made against them in that *they are no longer parties* in this case. However, Plaintiff amends its complaint without prejudice to appealing this Court's order dismissing such Defendants from this case.

(Emphasis added.)

The Curtises answered the amended complaint. DFA also filed an answer, denying

that it had been dismissed and stating that, pursuant to a certificate of indebtedness, it has

a statutory lien on the Curtises' property that has the force and effect of a circuit court

judgment against all of a taxpayer's personal and real property.

The Curtises then moved for summary judgment, which was granted. Specifically, the

trial court ruled that Seaside is a residential contractor required to give lien notice under the

version of section 18-44-115(a)(4) in effect when the parties entered the contract; that Seaside

failed to give notice and does not qualify under the direct-sale exemption; that section 18-

44-115(a)(4) does not violate article 2, sections 13 and 17 of the Arkansas Constitution;[1] and

---

[1]Arkansas Code Annotated section 16-111-111(a) (Supp. 2023) provides that if a statute is alleged to be unconstitutional, the Attorney General shall also be served with a copy of the proceeding and be entitled to be heard. Here, at the end of its amended and restated complaint, below its certificate of service swearing that a copy of the complaint had been emailed to the attorneys for the Curtises, Generations Bank, and DFA, and below the signature line for Seaside's attorney who swears to such service, Seaside included a single sentence stating the following:

that the 2021 amendment to section 18-44-115 does not apply retroactively. It is from this order that Seaside appeals. In its notice of appeal, Seaside did not abandon any pending but unresolved claims pursuant to Ark. R. App. P.–Civ. 3(e).[2]

Generally, the dismissal of a *claim* without prejudice does not create finality. *Park Plaza Mall CMBS, LLC v. Powell*, 2018 Ark. App. 48; *Ratzlaff v. Franz Foods of Ark.*, 255 Ark. 373, 500 S.W.2d 379 (1973). By contrast, the dismissal of a *party* to an action, with or without prejudice, is sufficient to obtain finality and invest jurisdiction in an appellate court. *See, e.g.*, *Driggers v. Locke*, 323 Ark. 63, 913 S.W.2d 269 (1996).

Although Seaside purports to have "dropp[ed] all of the other defendants" when it amended its complaint to omit any claim to a lien, DFA and the claims against it have not

---

> In accordance with ARCP 24 and A.C.A. § 16-111-111, Plaintiff is notifying the Attorney General of the State of Arkansas, Tim Griffin, that a constitutional challenge has been made to the aforementioned statute.

We note that, although Seaside suggests it has notified—or will notify—the Attorney General, Seaside's attorney has not similarly sworn that the Attorney General was served with a copy of the amended complaint. In fact, there is no indication in the record that there has been any communication between Seaside and the Attorney General. Although it is not a jurisdictional requirement, *City of Little Rock v. Cash*, 277 Ark. 494, 644 S.W.2d 229 (1982), we encourage Seaside to ensure that it has complied with the notice statute. *See, e.g.*, *Olmstead v. Logan*, 298 Ark. 421, 768 S.W.2d 26 (1989) (holding that the failure to provide Attorney General with notice of constitutional challenge was reversible error); *see also Reagan v. City of Piggott*, 305 Ark. 77, 805 S.W.2d 636 (1991) (refusing to consider constitutional challenge because record did not reveal that Attorney General had been notified or that issues were adequately argued or briefed by truly adversarial parties).

[2]This abandonment operates as a dismissal with prejudice effective on the date that the otherwise final order or judgment appealed from was entered. An appealing party is not obligated to make this statement if the party is appealing a partial judgment certified as final pursuant to Ark. R. Civ. P. 54(b).

been expressly dismissed by the trial court, and although the trial court dismissed claims against Generations Bank and suggested that it should be dismissed as a party, the claims were dismissed *without* prejudice, and there is no order dismissing Generations Bank as a party. *See Shackleford v. Ark. Power & Light*, 334 Ark. 634, 976 S.W.2d 950 (1998) (holding that, even if an amended complaint did not name defendants in the caption, the claim against them remained until the trial court entered an order of dismissal). Further, we cannot presume a ruling from the trial court's silence. *See TEMCO Constr., Inc. v. Gann*, 2013 Ark. 202, 427 S.W.3d 651; *see also USAble Mut. Ins. Co. v. Stibich*, 2024 Ark. App. 510, 699 S.W.3d 180 (dismissing appeal because trial court's order did not dispose of all of a plaintiff's claims, and we cannot infer a ruling on a claim from the trial court's silence on the matter).

In *Barnes v. Wagoner*, 2018 Ark. App. 301, the Wagoners sued Barnes; his wife; and his company, Arkansawyer Sawmill, Inc., for breach of a construction contract. The trial court found in favor of the Wagoners and awarded them a money judgment. We dismissed the matter without prejudice for lack of a final order, and the trial court entered an order to amend the judgment in which it dismissed Barnes's wife and awarded judgment against Barnes as a separate defendant. The amended judgment, however, was silent as to Arkansawyer. Barnes appealed from the amended judgment. Given that there was an outstanding defendant—Arkansawyer—and because the trial court's Rule 54(b) certificate was inadequate in that it made no specific findings, we dismissed again for lack of a final, appealable order.

5

Here, there is no order in the record dismissing DFA or the claims against it; there is no order dismissing Generations Bank as a party, and the claims against Generations Bank were dismissed *without* prejudice; Seaside has not abandoned its claims against Generations Bank and DFA; and there has been no attempt to comply with Rule 54(b). Accordingly, we lack jurisdiction and thus dismiss this appeal without prejudice.

Dismissed.

GLADWIN and MURPHY, JJ., agree.

*Crouch, Harwell, Fryar & Ferner, PLLC*, by: *James E. Crouch* and *Michael L. Fryar*, for appellant.

*Lisle Rutledge P.A.*, by: *Donnie Rutledge*, for appellees.